OPINION
On March 10, 1980, defendant-appellant, Richard E. Saylor, pleaded guilty to three counts of murder in violation of R.C.2903.02(A) and was sentenced of record. No direct appeal was taken from these convictions.
On September 23, 1996, appellant filed a petition for postconviction relief pursuant to R.C. 2953.21. By entry dated December 30, 1996, the trial court found that appellant failed to file the petition within one year of the September 21, 1995 effective date of Am.Sub.S.B. No. 4 ("Senate Bill 4") and granted the state's motion to dismiss.
In his first assignment of error, appellant claims the trial court erred in dismissing his petition on the basis that it was not timely filed. We agree.
Among other things, Senate Bill 4 imposed a time limitation for the filing of postconviction relief petitions pursuant to R.C.2953.21. As amended by Senate Bill 4, R.C. 2953.21(A)(2) provides that when there has been no direct appeal of a criminal conviction, a petition for postconviction relief shall be filed no later than one hundred eighty days after the expiration of the time for filing an appeal. On this basis, it would appear that appellant's petition was untimely. However, Section 3 of Senate Bill 4 states that:
 A person who seeks postconviction relief pursuant to Sections 2953.21 through 2593.23 of the Revised Code with respect to a case in which sentence was imposed prior to the effective date [September 21, 1995] of this act * * * shall file a petition * * * within one year of the effective date of this act * * *.
Appellant was sentenced prior to September 21, 1995. Accordingly, in order for his petition to be timely, it must have been filed no later than September 21, 1996. However, September 21, 1996 fell on a Saturday. Since the last day of the filing period fell on a Saturday, the time period ran until the end of the next day that was not a Saturday, Sunday, or legal holiday. See Crim.R. 45(A). The next day after September 21, 1996 that was not a Saturday, Sunday, or legal holiday was Monday, September 23, 1996, the date appellant filed his petition. Therefore, appellant timely filed his petition and the trial court erred in dismissing the petition on the basis that it was untimely. See State v. Askins (Sept. 26, 1997), Hamilton App. No. C-961000, unreported; State v. Morehouse (Aug. 12, 1997), Meigs App. No. 96CA25, unreported; and State v. Kanawalsky (June 30, 1997), Meigs App. No. 96CA26, unreported. The first assignment of error is therefore sustained.
Appellant's second assignment of error claims the trial court erred by not ordering the preparation of a transcript at state expense. We note that the trial court's sole reason for dismissing appellant's petition was that it was untimely. The trial court did not conduct a hearing on the petition and there were no proceedings on the petition to transcribe for appellate review. Appellant would now have this court direct the lower court to prepare a transcript of all other trial proceedings for appellant's use in support of his postconviction relief petition. Inasmuch as the trial court has yet to decide such a motion, any ruling on the matter by this court would be premature and tantamount to an advisory opinion. Accordingly, appellant's second assignment of error is overruled.
YOUNG, P.J., and POWELL, J., concur.