OPINION
Defendant-appellant, Richard E. Saylor, appeals a decision of the Butler County Court of Common Pleas dismissing his petition for postconviction relief.
On October 10, 1979, appellant was indicted for three counts of murder in violation of R.C. 2903.02(A). On March 3, 1980, appellant pled guilty to the three counts. Appellant was sentenced to fifteen years to life on all three counts, counts one and two to run consecutively and count three to run concurrently with both counts one and two. On Monday, September 23, 1996, appellant filed a petition for postconviction relief pursuant to R.C. 2953. On the same day, the state filed its Answer and Motion to Dismiss. On December 30, 1996, the trial court dismissed appellant's petition based on the fact that appellant had failed to timely file his petition within one year of the September 1, 1995 effective date of S.B. 4, which had amended R.C. 2953.21 to impose a statute of limitations for the filing of petitions for postconviction relief. On appeal, this court reversed the judgment, recognizing that September 21, 1996 fell on a Saturday and that the petition had been timely filed on the following Monday, September 23, 1996. State v. Saylor (Dec. 22, 1997), Butler App. No. CA97-02-018, unreported.
On January 27, 1998, the state renewed its motion to dismiss the petition. On February 19, 1998, upon review of the transcript of the proceedings and appellant's petition of postconviction relief, the trial court issued an opinion and order dismissing the petition without an evidentiary hearing pursuant to R.C.2953.21(C). Appellant filed the instant appeal, setting forth four assignments of error.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED WHEN IT FAILED TO ISSUE MEANINGFUL FINDINGS OF FACT AND CONCLUSIONS OF LAW IN ITS JUDGMENT ENTRY GRANTING THE STATE'S MOTION TO DISMISS APPELLANT'S PETITION FOR POSTCONVICTION RELIEF.
Appellant argues that the trial court failed to issue "meaningful" findings of facts and conclusions of law in its judgment entry. We disagree.
R.C. 2953.21(C) explicitly requires a trial court to make findings of fact and conclusions of law when denying relief on a petition for postconviction relief.
 Findings of fact and conclusions of law should be clear, specific and complete. The test of their adequacy is `whether they are sufficiently comprehensive and pertinent to the issue to form a basis for the decision and whether they are supported by the evidence.' * * * The findings and conclusions of the trial court should respond to all material or determinative issues in the case so that an appellate court can determine the basis for the judgment. They should be `* * * explicit enough to give the appellate court a clear understanding of the basis of the trial court's decision, and to enable it to determine the ground on which the trial court reached its decision.'
State v. Clemmons (1989), 58 Ohio App.3d 45, 46 (citations omitted). In the case at bar, the trial court issued a six page judgment entry addressing each of appellant's claims and explaining why they were overruled. Upon review of this judgment entry, we conclude that the trial court's judgment entry includes adequate findings of fact and conclusions of law to satisfy the purposes of R.C. 2953.21(C). Appellant's first assignment of error is overruled.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED WHEN IT DISMISSED APPELLANT'S PETITION FOR POSTCONVICTION RELIEF WITHOUT AN EVIDENTIARY HEARING WHERE SAID PETITION WAS BASED UPON MATTERS AND EVIDENCE DEHORS THE RECORD, AND WHERE THE PETITION ALLEGED FACTS WHICH, IF PROVED, WOULD ENTITLE THE APPELLANT TO RELIEF.
Assignment of Error No. 4:
 APPELLANT'S PLEA OF GUILTY WAS NOT KNOWINGLY NOR VOLUNTARILY MADE DUE TO AN INDUCEMENT BY DEFENSE COUNSEL THAT APPELLANT WOULD, UNEQUIVOCALLY, NOT SERVE MORE THAN 10-12 YEARS IN PRISON; THE FACT THAT DEFENSE COUNSEL FAILED TO INSURE THAT APPELLANT UNDERSTOOD THE NATURE OF THE OFFENSE FOR WHICH HE WAS CHARGED; THE FACT THAT DEFENSE COUNSEL ALLOWED APPELLANT TO PLEAD GUILTY TO A GREATER OFFENSE THAT THE FACTS SUPPORTED; THAT COUNSEL FAILED TO APPLY THE APPLICABLE LAW; AND THAT DEFENSE COUNSEL FAILED TO INVESTIGATE THE EVIDENCE, THE WITNESSES AND THE CIRCUMSTANCES SURROUNDING THE OFFENSE FOR WHICH APPELLANT WAS CHARGED.
We will address appellant's second and fourth claims concurrently as they raise similar issues. R.C. 2953.21(E) provides that trial courts need not grant evidentiary hearings in postconviction relief cases where the petition, files and records in the case demonstrate that the petitioner is not entitled to relief. R.C. 2953.21 provides in pertinent part:
 (C) Before granting a hearing, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition and supporting affidavits, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and court reporter's transcript.
* * *
 (E) Unless the petition and the files and record of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing * * *.
Initially, we note that the errors alleged by appellant in his petition for postconviction relief concern matters which could have been raised on direct appeal and therefore may not be considered in a postconviction relief proceeding. State v. Perry (1967), 10 Ohio St.2d 175. An exception to this general rule exists, however, when a defendant raises a claim of ineffective assistance of counsel. State v. Cole (1982), 2 Ohio St.3d 112,113. However, a guilty plea waives the right to claim that one was prejudiced by constitutionally ineffective assistance of counsel except to the extent that such ineffective assistance made the plea less than knowing and voluntary. State v. Barnett (1995), 73 Ohio App.3d 244, 248.
Appellant's petition for postconviction relief claimed that his attorneys rendered ineffective assistance of counsel with regard to the entry of his guilty plea. The trial court described appellant's claims as follows:
 Defendant's petition for postconviction relief makes a single claim, that his guilty plea was not knowingly, intelligently or voluntarily made because his counsel rendered ineffective assistance of counsel and induced him to enter the guilty plea by making false promises as to his parole eligibility. Attached to the petition are the affidavits of Defendant's father and mother, James and Mabel Saylor, each of whom state that Defendant's counsel urged them to persuade Defendant to plead guilty and advised them that there was no defense available to the Defendant and that he should be plead guilty, Defendant would be released from prison on parole in twelve (12) years. Also attached to the petition is the affidavit of Defendant Richard E. Saylor himself, stating in pertinent part that he saw his court-appointed attorney no more than four times prior to trial; that at no time did his attorney explain to him the elements of the offense of murder, R.C. 2903.02, or the lesser included offenses of voluntary manslaughter, R.C. 2903.03, or involuntary manslaughter, R.C. 2903.04; that at no time did his attorney discuss with him the elements of the affirmative defense of selfdefense; that his attorney failed to adequately prepare his defense to the indictment, by failing to locate and interview witnesses or investigate particular evidence, including additional forensic evidence at the crime scene; that his attorney met with him on the day before trial and advised him that he did not see any hope of proving his innocence; that his attorney assured him that should he plead guilty, he would serve, at most, only ten (10) years in prison; that relying on this false promise he entered his plea of guilty.
In the instant case, appellant attached to his petition for postconviction relief affidavits sworn by himself, his mother and his father. "When a petitioner submits a claim that his guilty plea was involuntary, a `record reflecting compliance with Crim.R. 11 has greater probative value' than a petitioner's self-serving affidavit." State v. Brehm (1997), Seneca App. No. 13-97-05, unreported, following State v. Moore (1994), 99 Ohio App.3d 748,753.
Appellant cites to State v. Swortcheck (1995), 101 Ohio App.3d 770, in support of the proposition that the trial court must accept affidavits submitted in postconviction relief as true. However, in State v. Smith[1] (Oct. 13, 1997), Butler App. No. CA97-01-111, unreported, following State v. Moore (1994),99 Ohio App.3d 748, this court held that the trial judge did not err in weighing issues of credibility and weight based on affidavits submitted by Smith's sister and girlfriend. Accordingly, the trial court does not automatically have to accept as true any affidavits submitted in a petition for postconviction relief, but may weigh the credibility of the postconviction relief affidavits.
In the case at bar, as in Moore, the affidavits submitted by appellant's parents give verbatim accounts of the sequence of events involving the attorney's promise. The affidavits were signed by relatives and they are similar. Finally, as in Moore, there is nothing in the record to corroborate the affiant's stories.
Therefore, the trial court correctly denied appellant an evidentiary hearing based on the fact that higher probative value is warranted as to the record, which reflects compliance with Crim.R. 11, as compared with the similar affidavits. Appellant's second and fourth assignments of error are not well-taken.
Assignment of Error No. 3:
 THE APPELLANT WAS DENIED DUE PROCESS OF LAW UNDER BOTH THE STATE AND FEDERAL CONSTITUTIONS WHEN THE STATE COURT ARBITRARILY DENIED APPELLANT HIS SUBSTANTIVE RIGHT PURSUANT TO R.C. 2953.21 ET SEQ., BY IGNORING THE PLAIN AND UNAMBIGUOUS LANGUAGE OF THE STATUTE, AND BY FAILING TO READ THE WORDS AND PHRASES IN THEIR CONTEXT AND CONSTRUED ACCORDING TO THE RULES OF GRAMMAR AND COMMON USAGE, AND WHERE THE STATE COURT SYSTEM DELETED WORDS USED AND INSERTED WORDS NOT USED.
Appellant argues that the plain language of the postconviction relief statute does not mandate the use of affidavits and/or other documentary evidence, nor does the statute indicate that only matters dehors the record may be raised in the petition. Appellant further argues that the statute only invokes the doctrine of res judicata when an issue was raised on direct appeal.
First, the trial court correctly found that appellant may not raise arguments on postconviction relief that could have been raised on direct appeal. Although the postconviction relief statute does not specifically so state, courts have uniformly applied the long-established doctrine of res judicata and reached this conclusion. See, e.g., State v. Szefcyk (1996), 77 Ohio St.3d 93; State v. Ishmail (1981), 67 Ohio St.2d 16; State v. Harmon (1994), 103 Ohio App.3d 595; State v. Apanovitch (1991),70 Ohio App.3d 758.
Second, although appellant argues that the postconviction relief statute does not mandate use of affidavits or other documentary evidence, the record indicates that appellant did in fact submit such evidence to the trial court, and that the trial court considered the evidence that appellant submitted. Under the circumstances, appellant was in no way prejudiced by the trial court's actions, and he is requesting an advisory opinion from this court on the issue of whether affidavits and other documentary evidence are required to obtain postconviction relief. This court only decides actual cases and controversies and cannot give advisory opinions. State v. Bistricky (1990),66 Ohio App.3d 395.
Based upon the foregoing, appellant's third assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and KOEHLER, J., concur.
[1] Swortcheck and Smith were certified to the Supreme Court as being in conflict. The Supreme Court accepted the certification on January 28, 1998 under case no. 97-2730. A decision on the merits has not been released.