OPINION
{¶ 1} Defendant-appellant, Edward P. McCoy, appeals his conviction in the Clermont County Court of Common Pleas for involuntary manslaughter. We remand to the trial court for the purpose of considering appellant's motion to withdraw his guilty plea.
 {¶ 2} On April 26, 1993, appellant and his best friend, Mark Moon, were drinking and smoking marijuana at appellant's residence. Appellant was handling a pistol while they were drinking. According to appellant, he accidentally fired the pistol and Moon was shot in the forehead. Appellant called 9-1-1 to report the shooting. When sheriff's deputies arrived, they found appellant attempting to revive Moon with cardiopulmonary resuscitation ("CPR"). Emergency medical personnel arrived and continued CPR. However, the gunshot wound resulted in Moon's death.
 {¶ 3} Appellant was indicted on April 28, 1993 for one count of murder, one count of involuntary manslaughter, and one count of having a weapon under a disability. Appellant entered pleas of not guilty by reason of insanity to all three charges on May 5, 1993. A psychiatric evaluation was filed on July 2, 1993 and appellant was found competent to stand trial. Appellant pleaded guilty to involuntary manslaughter with a firearm specification on August 11, 1993. The murder and having a weapon under a disability counts were dropped. Appellant was sentenced to prison for five-to-ten years to be served consecutively with the three-year firearm specification on October 26, 1993. No direct appeal was taken.
 {¶ 4} On September 9, 1996, appellant filed a petition to vacate or set aside his sentence and requested an evidentiary hearing. The petition was overruled without hearing. Appellant then moved to file a delayed appeal and the motion was granted. Appellant's appointed counsel filed an Anders brief[1] and simultaneously requested to withdraw as appellate counsel. Appellant then filed a pro se brief. This court affirmed the decision of the trial court. See State v. McCoy (Mar. 2, 1998), Clermont App. Nos. CA97-03-027, CA97-03-032.
 {¶ 5} On February 15, 2002, appellant filed a motion to withdraw his guilty plea and petitioned for postconviction relief ("PCR") a second time. On March 8, 2002, the trial court denied both the motion to withdraw the guilty plea and the PCR petition on the basis that it was without jurisdiction to address them. Appellant appeals the trial court's decision raising three assignments of error.
Assignment of Error No. 1
 "A DEFENDANT MAY CHALLENGE THE INVALIDITY OF A VOID JUDGMENT HAVING NO LEGAL FORCE OR EFFECT ANY TIME, EITHER DIRECTLY OR COLLATERALLY."
 {¶ 6} Appellant argues his guilty plea was not entered in open court as required by the Due Process Clauses of the United States and Ohio Constitutions, and therefore his guilty plea is void. Appellant contends that as a result the judgment against him is void, has no legal effect, and may be challenged at any time.
 {¶ 7} It has long been recognized that "the right to a public trial * * * is a fundamental guarantee of both the United States and Ohio Constitutions." State v. Lane (1979), 60 Ohio St.2d 112, paragraph two of the syllabus. However, the right is considered to be waived if not raised by the defendant at an appropriate time. See Levine v. United States
(1960), 362 U.S. 610, 619, 80 S.Ct. 1038.
 {¶ 8} According to appellant, his plea took place after the courthouse was closed. The guilty plea is time-stamped 5:24 p.m. Appellant argues that since the courthouse closed at 4:30 p.m. the plea was not entered in open court. However, the time stamp alone is not controlling as to whether the plea was entered in "open court."
 {¶ 9} The record demonstrates that the court advised appellant of his rights and the rights he would be giving up if he pleaded guilty. The court asked appellant if he was under the influence of alcohol or drugs or taking any medication. Appellant stated he was not. The court then asked appellant if he understood his rights. Appellant stated that he did. After informing appellant of his rights, the court asked appellant, "[d]o you have any questions of your lawyer or of me about anything which has gone on in this case or is going on in this case? If you do, sir, now is the time to ask." Appellant responded "[n]o, I have no questions." Appellant then pleaded guilty to involuntary manslaughter. Appellant's plea was entered in the presence of the judge, the prosecutor and his trial counsel. Additionally, the written plea, signed by appellant, states "the Defendant appeared in open court, represented by counsel." Therefore, we hold that appellant's plea was entered in open court. Consequently, the judgment is not void. The first assignment of error is overruled.
Assignment of Error No. 2
 "THE DOCTRINE OF RES JUDICATA IS INAPPLICABLE TO A PETITION TO VACATE A VOID JUDGMENT."
 {¶ 10} Appellant argues his guilty plea was not entered in open court and therefore is in violation of both the Due Process Clause and the Sixth Amendment to the United States Constitution, resulting in a void judgment. Appellant maintains that the doctrine of res judicata is inapplicable to void judgments, therefore his guilty plea should be vacated or a hearing held on the matter.
 {¶ 11} However, the trial court did not reach the issue of res judicata because appellant's PCR petition was overruled on jurisdictional grounds. Accordingly, since a party may not raise an error or address an issue on appeal that was not properly raised and ruled upon by the trial court, the issue is not properly before us upon appeal and it is not appropriate that we address it. See State v. Ishmail (1978),54 Ohio St.2d 402, 405. Therefore, the second assignment of error is overruled.
Assignment of Error No. 3
 "A SECOND PETITION FOR POST CONVICTION RELIEF AND A MOTION TO WITHDRAW A GUILTY PLEA AFTER SENTENCING MAY BE GRANTED IN ORDER TO CORRECT A MANIFEST INJUSTICE."
 {¶ 12} The trial court did not rule on this question because it found it lacked jurisdiction under R.C. 2953.21. However, appellant argues that because R.C. 2953.21 uses the word "may" instead of "shall," it is within the court's discretion to entertain a second or subsequent PCR petition. Therefore, appellant contends that the trial court did have jurisdiction to address his PCR petition and the motion to withdraw his guilty plea.
 {¶ 13} We address appellant's PCR petition first, and then we will discuss appellant's motion to withdraw his guilty plea. Sub.S.B. 4, effective September 21, 1995, provides a specific time frame for filing a PCR petition. Section 3 of S.B. 4 states the following:
 {¶ 14} "A person who seeks postconviction relief pursuant to Sections 2953.21 through 2953.23 of the Revised Code with respect to a case in which sentence was imposed prior to the effective date of this act * * * shall file a petition within the time required in division (A)(2) of Section 2953.21 of the Revised Code, as amended by this act, or within one year from the effective date of this act, whichever is later." See State v. Saylor (1997), 125 Ohio App.3d 633, 634.
 {¶ 15} Appellant was therefore required to file a PCR petition no later than September 21, 1996, or meet the requirements of R.C.2953.21(A)(2). When a petition for postconviction relief is untimely filed, R.C. 2953.21(A)(2) divests a judge of jurisdiction to hear the petition unless the exceptions in R.C. 2953.23(A)(1) apply. See State v.Warren (Dec. 14, 2000), Cuyahoga App. No. 76612. To meet the exceptions in R.C. 2953.23(A)(1), the petitioner may show that he was unavoidably prevented from discovery of the facts upon which he must rely to present the claim for relief, or he may assert a claim based on a newly recognized federal or state right that applies retroactively to persons in his situation. The petitioner may also meet the exceptions in R.C.2953.23(A)(1) by showing by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted.
 {¶ 16} In this case, appellant did not file a PCR petition until February 15, 2002. The untimely filing divested the trial court of jurisdiction to hear the petition, unless appellant could show that one of the exceptions listed in R.C. 2953.23(A)(1) applied. Appellant has not presented any evidence or indication that he was unavoidably prevented from obtaining the facts upon which he relies, or that he is asserting a claim based upon a new federal or state right that applies retroactively to persons in his situation. Additionally, appellant has not shown that no reasonable factfinder would have found him guilty of the offense of which he was convicted. As a result, the trial court was not required to entertain the PCR petition.
 {¶ 17} Addressing appellant's motion to withdraw his guilty plea, we note that postsentence motions to withdraw guilty or no contest pleas and PCR petitions are separate grounds for relief and exist independently. See State v. Bush, 96 Ohio St.3d 235, 239,2002-Ohio-3993, at ¶ 14. A criminal defendant can seek to withdraw a plea under Crim.R. 32.1 after the imposition of sentence. Id. See, also,State v. Smith (1977), 49 Ohio St.2d 261, paragraph one of the syllabus. R.C. 2953.21 and R.C. 2953.23 do not govern the timeliness of such a motion, and Crim.R. 32.1 itself does not prescribe a time limitation.
 {¶ 18} Because there is no time limitation on a motion to withdraw a guilty plea, the trial court had jurisdiction to address appellant's motion to withdraw his guilty plea. The portion of the third assignment of error which asserts that the trial court had jurisdiction over appellant's motion to withdraw his guilty plea is therefore well-taken. The third assignment of error is sustained in part.
 {¶ 19} Based upon the foregoing, the judgment of the trial court is affirmed in part, reversed in part, and remanded to the trial court for consideration of appellant's motion to withdraw his guilty plea.
WALSH, P.J., and POWELL, J., concur.
[1] See Anders v. California (1967), 386 U.S. 743.