OPINION
{¶ 1} Defendant-appellant, Joshua Brewer, appeals his grand theft, forgery, and identity fraud convictions in the Clermont County Court of Common Pleas. We affirm the convictions.
 {¶ 2} On July 13, 2000, appellant went to the Jeff Wyler auto dealership in Batavia, Ohio, where he represented himself as Michael Clear. Using Clear's identity and identifying information, he leased a 2000 Chrysler Sebring automobile. In the course of the purchase appellant executed documents in Clear's name.
 {¶ 3} Appellant was charged with multiple counts and later pled guilty to identity fraud, a violation of R.C. 2913.49(B), forgery, a violation of R.C. 2913.31(A)(1), and grand theft of a motor vehicle, a violation of R.C. 2913.02(A)(3). Appellant was convicted and sentenced accordingly. At the sentencing hearing, appellant stipulated that restitution would be in the amount of $1,000. He appeals, raising two assignments of error.
Assignment of Error No. 1
 {¶ 4} "The defendant-appellant was denied his constitutional right to effective representation of counsel as guaranteed by the United States and Ohio Constitutions."
 {¶ 5} In his first assignment of error, appellant specifically contends that his trial counsel was ineffective for failing to move to dismiss the charges on speedy trial grounds.
 {¶ 6} A two-pronged test is applied to determine whether a criminal defendant received ineffective assistance of counsel at trial.Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052. To support a claim of ineffective assistance of counsel, the defendant must first show that counsel's actions were outside the wide range of professionally competent assistance. Id. at 687, 104 S.Ct. at 2064. Second, the defendant must demonstrate that he was prejudiced by counsel's actions. Id.
 {¶ 7} A guilty plea constitutes a complete admission of guilt. Crim.R. 11(B)(1). "By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime." State v.Barnett (1991), 73 Ohio App.3d 244, 248 quoting United States v. Broce
(1989), 488 U.S. 563, 570, 109 S.Ct. 757. Thus, the plea renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt. Barnett quoting Menna v.New York (1975), 423 U.S. 61, 96 S.Ct. 241. This includes the right to claim that the accused was prejudiced by constitutionally ineffective counsel, "except to the extent the defects complained of caused the plea to be less than knowing and voluntary." Barnett at 249; Stark v. Saylor
(1998), 125 Ohio App.3d 636, 640. This also includes the right to claim that the accused was not provided a speedy trial as required by law.Montpelier v. Greeno (1986), 25 Ohio St.3d 170.
 {¶ 8} Accordingly, by pleading guilty appellant waived the right to argue that his trial counsel was ineffective for failing to move to dismiss the charges on speedy trial grounds. Because appellant has not shown constitutionally ineffective assistance of counsel requiring reversal of his conviction, we overrule his first assignment of error.
Assignment of Error No. 2
 {¶ 9} "The trial court erred to the prejudice of the defendant-appellant by ordering an arbitrary and unreasonable amount of restitution be paid without an evidentiary hearing."
 {¶ 10} The following exchange regarding the amount of restitution took place at the sentencing hearing:
 {¶ 11} Prosecutor: "Concerning the issue of restitution * * * I'm going to ask the court for an order of $1,000[.]"
 {¶ 12} Defense Counsel: "Judge, if I may respond, we would not dispute the $1,000 restitution amount. I think that's fair to the victim. * * * They are entitled to some restitution, and if there's any damage or diminution of the value of the vehicle we're not going to dispute that."
 {¶ 13} Stipulations or agreements by an accused in the course of a criminal trial are binding and enforceable. State v. Folk (1991),74 Ohio App.3d 468, 471 citing State ex rel. Warner v. Baer (1921),103 Ohio St. 585. An accused is thus bound to all matters of fact contained in his stipulations. Id. Appellant's stipulation that restitution would be made in the amount of $1,000 precludes him from now arguing that this amount is not supported by the record. The second assignment of error is overruled.
Judgment affirmed.
VALEN, P.J., and YOUNG, J., concur.