[Cite as *State v. Brown*, 2013-Ohio-4328.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO.  CA2012-12-249 |
| | : | O P I N I O N |
| - vs - | | 9/30/2013 |
| | : | |
| STANLEY BROWN, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR10-12-1966

Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Stanley Brown, #A614-974, Lebanon Correctional Institution, P.O. Box 56, Lebanon, Ohio 45036, defendant-appellant, pro se

**RINGLAND, J.**

{¶ 1}  Defendant-appellant, Stanley Brown, appeals a decision of the Butler County Court of Common Pleas overruling his petition for postconviction relief.

{¶ 2}  On September 29, 2011, Brown was convicted of two counts of rape, felonies of the first degree.  The first count included a specification that the victim was under ten years of age at the time of the offense.  Brown was sentenced to life with the possibility of

parole after ten years for the first count, to be served concurrently with a ten-year prison term for the second count.

{¶ 3} Brown appealed his convictions and sentence to this court. *State v. Brown*, 12th Dist. Butler No. CA2011-11-207, 2013-Ohio-1610. While that appeal was pending, Brown filed a petition for postconviction relief on May 21, 2012, seeking to vacate or set aside his conviction and sentence. Neither the state nor the trial court was served with Brown's petition for postconviction relief. On November 1, 2012, Brown filed a motion to supplement his petition. On November 6, 2012, the trial court denied Brown's petition and motion to supplement the petition.

{¶ 4} Brown now appeals that decision, raising three assignments of error for our review.

{¶ 5} Assignment of Error No. 1:

{¶ 6} TRIAL COUNSEL WAS INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATE'S CONSTITUTION AND ARTICLE 1 SECTION 10 OF THE OHIO CONSTITUTION, FOR FAILING TO DEMONSTRATE TO THE JURY DEFENDANT'S WAS INCARCERATED DURING THE TIME FRAME SET OUT IN THE SPECIFIC BILL OF PARTICULAR. [SIC]

{¶ 7} Assignment of Error No. 2:

{¶ 8} TRIAL COUNSEL WAS INEFFECTIVE ASSISTANCE OF COUNSEL. IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATE'S CONSTITUTION AND ARTICLE 1 SECTION 10 OF THE OHIO CONSTITUTION. [SIC]

{¶ 9} Assignment of Error No. 3:

{¶ 10} TRIAL COUNSEL WAS CONSTITUTIONALLY DEFICIENT BY FAILING TO

USE A MATERIAL WITNESS AT THE BEHEST OF DEFENDANT, RESULTING IN DEPRIVATION OF SIXTH & FOURTEENTH AMENDMENTS. [SIC]

{¶ 11} The state acknowledges that the trial court failed to make findings of fact and conclusions of law when denying Brown's timely petition for postconviction relief. R.C. 2953.21(C) explicitly requires that the trial court must make such findings of fact and conclusions of law. The purpose of such a rule is to "appraise petitioner of the grounds for the judgment of the trial court and to enable the appellate courts to properly determine appeals in such a cause." *State v. McMullen*, 12th Dist. Butler No. CA2006-04-086, 2007-Ohio-125, ¶ 20, quoting *State v. Mapson*, 1 Ohio St.3d 217, 218 (1982).

{¶ 12} The findings of fact and conclusions of law should be "'explicit enough to give the appellate court a clear understanding of the basis of the trial court's decision, and to enable it to determine the ground on which the trial court reached its decision.'" (Citation omitted.) *State v. Clemmons*, 58 Ohio App.3d 45, 46 (2d Dist.1989), quoted in *State v. Saylor*, 125 Ohio App.3d 636, 639 (12th Dist.1998).

{¶ 13} It is clear that the trial court's failure to issue findings of fact and conclusions of law as required by R.C. 2953.21(C) constituted reversible error. Accordingly, we remand this cause to the trial court to either (1) make findings of fact and conclusions of law, pursuant to R.C. 2953.21(C), in support of its dismissal of Brown's petition for postconviction relief or (2) hold a hearing on Brown's petition pursuant to R.C. 2953.21(E).

{¶ 14} In light of the foregoing, having found that the trial court failed to make the required findings of fact and conclusions of law in denying Brown's timely petition for postconviction relief, we decline to rule on Brown's assignments of error at this time. See App.R. 12(A)(1)(c).

{¶ 15} The trial court's judgment is reversed, and this cause is remanded for further

proceedings consistent with this opinion and in accordance with the law of this state.

HENDRICKSON, P.J., and S. POWELL, J., concur.