THE STATE OF OHIO, APPELLEE, *v.* PERKINS, APPELLANT.

(Nos. 44518 and 44519—Decided November 10, 1982.)

*Mr. John T. Corrigan,* prosecuting attorney, for appellee.

*Mr. Hyman Friedman,* county public defender, for appellant.

PRYATEL, C.J. Defendant-appellant, Jeffrey Perkins, Jr., was indicted by the Cuyahoga County Grand Jury on December 28, 1978, for the offenses of kidnap-

ping (R.C. 2905.01) and escape (R.C. 2921.34)[1] in case No. CR-44388. On September 18, 1979, appellant was also indicted on six counts of aggravated robbery (R.C. 2911.01) and felonious assault (R.C. 2903.11)[2] in case No. CR-49563. Defendant entered a plea of not guilty in both cases whereupon the two cases were assigned to the same trial judge for disposition.

Subsequently to discovery proceedings, defendant, on June 21, 1979, represented by counsel, appeared in court, withdrew his previously entered plea of not guilty and entered a plea of guilty as to one of the counts in the first indictment, *viz.*, kidnapping which was amended per the request of the prosecutor to disclose that the defendant had released the victim in a safe place unharmed, a second degree felony. Upon determining that the defendant's plea was knowing and voluntary, the trial court accepted the defendant's plea of guilty and, per motion of the state, subsequently entered a *nolle prosequi* as to the charge of escape.

On December 6, 1979, the defendant likewise pled guilty in case No. CR-49563 to the first two counts of aggravated robbery whereupon, the trial court again, upon due acceptance of this plea, entered a *nolle prosequi* as to the remaining counts in the indictment. Thereafter, the trial court sentenced the defendant in both cases (*viz.*, Nos. CR-44388 and -49563) to the Columbus Correctional Facility for a term of three to fifteen years on the kidnapping charge (No. CR-44388) and to concurrent terms of five to twenty-five years on the two aggravated robbery counts to be served consecutively to the kidnapping conviction.

Subsequently, defendant moved for "relief from judgment"[3] contending, apparently pursuant to the provisions of R.C. 2953.21,[4] that he was denied his sixth amendment rights to effective assistance of counsel. This motion was duly opposed by the state which, in turn,

---

[1] As to this indictment, the grand jury charged that the defendant "by force, threat or deception removed Jo Ann Tucker from the place where she was found, restrained her of her liberty for the purpose of terrorizing or inflicting serious physical harm on Jo Ann Tucker and failed to release her in a safe place unharmed"; and that the defendant "knowing he was under detention or being reckless in that regard, did break or attempt to break such detention."

[2] Specifically, the grand jury charged that the defendant "did knowingly cause or attempt to cause physical harm to Mattie Hodges by means of a deadly weapon or dangerous ordnance, to wit, a gun as defined in Section 2923.11 of the Revised Code" and that the defendant (as to the aggravated robbery counts) did "in attempting or committing a theft offense, as defined in Section 2913.01 of the Revised Code, or in fleeing immediately after such attempt or offense upon Joan Kittelman, Lois Gottozzi, 'Devinley,' Margie Mekker, Margery Holdstein and Darcie Herekes, have a deadly weapon or dangerous ordnance,

to wit, a gun, on or about his person or under his control."

[3] Although it is undisputed that a motion for "relief from judgment" was in fact filed, said motion has not been made a part of the record certified to this court. In this regard, however, the order of the trial court overruling such motion has been included in the certified record.

[4] R.C. 2953.21(A) provides:
"Any person convicted of a criminal offense or adjudged delinquent claiming that there was such a denial or infringement of his rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, may file a verified petition at any time in the court which imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file such supporting affidavit and other documentary evidence as will support his claim for relief."

moved to dismiss defendant's petition for post-conviction relief contending that the petition was barred on the basis of *res judicata* in that the contention of ineffective assistance of counsel could have been raised in a direct appeal from the conviction itself, and alternatively, that appellant's assertions were insufficient to set forth a claim for relief.

In a judgment entry journalized on May 10, 1982, the trial court entered judgments in both cases granting the state's motion to dismiss "defendant's petition for post-conviction relief." Defendant appeals these judgments citing two assignments of error for review. For purposes of clarity, these assignments of error will be treated in inverse order.

### Assignment of Error No. II

"II. The trial court erred in dismissing the appellant's petition for post-conviction relief without making findings of fact and conclusions of law."

As the prosecutor himself concedes, this assignment of error is well-taken. R.C. 2953.21(C) provides:

"Before granting a hearing the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition and supporting affidavits, all the files and records pertaining to the proceedings against the petitioner, including but not limited to the indictment, the court's journal entries, the journalized records of the clerk of court, and the court reporter's transcript. Such court reporter's transcript if ordered and certified by the court shall be taxed as court costs. *If the court dismisses the petition it shall make and file findings of fact and conclusions of law with respect to such dismissal.*" (Emphasis added.)

The law is well-established that the trial court under this cited provision is duly bound to file written findings of fact and conclusions of law when dismissing a petition for post-conviction relief even when the dismissal is granted without a hearing. The failure of a trial court to so act constitutes prejudicial error. *State* v. *Hester* (1976), 45 Ohio St. 2d 71 [74 O.O.2d 156]; *State* v. *Lester* (1975), 41 Ohio St. 2d 51 [70 O.O.2d 150]; *State* v. *Brown* (1974), 41 Ohio App. 2d 181 [70 O.O.2d 349].[5]

In the case *sub judice*, it is undisputed[6] that the trial court failed to file findings of fact and conclusions of law in granting the state's motion to dismiss. As such, it was not a final order and, therefore, not subject to appeal. *State* v. *Mapson* (1982), 1 Ohio St. 3d 217. Hence, we dismiss and remand for the required findings.

Accordingly, appellant's Assignment of Error No. II is sustained.

### Assignment of Error No. I

"I. The trial court erred in denying appellant's petition for post-conviction relief pursuant to Ohio Revised Code 2953.21."

In this assignment of error appellant asserts that based on the contents of his petition for post-conviction relief, the trial court erred in its ruling. However, we are without jurisdiction to determine this issue pending a final order from the trial court.

This cause is dismissed and remanded for further proceedings consistent with this opinion.

*Judgment accordingly.*

PATTON and MARKUS, JJ., concur.

---

[5] See, also, *State* v. *Saunders* (Aug. 31, 1981), Cuyahoga App. No. 43102, unreported; and *State* v. *Mitchell* (Nov. 10, 1977), Cuyahoga App. No. 36875, unreported.

[6] In this regard, the state concedes that the trial court erred in failing to file findings of fact and conclusions of law.