JOURNAL ENTRY and OPINION
{¶ 1} In 2004, a jury convicted petitioner Joseph Thomas ("Thomas") of robbery, failure to comply, escape, obstruction of official business, and receiving stolen property. Thomas was sentenced to eleven years' incarceration. We affirmed the conviction in State v. Thomas, Cuyahoga App. No. 84728, 2005-Ohio-1840, but remanded for resentencing. Thomas filed a petition for postconviction relief, alleging that his counsel was ineffective, and that the prosecutor withheld evidence and used false or perjured testimony. The State responded with a motion for summary judgment. The trial court denied Thomas' petition without opinion. Thomas then filed a motion for findings of fact and conclusions of law, which the court denied.
 {¶ 2} Thomas appeals, pro se, raising two assignments of error. In his first assignment of error, he argues that the trial court abused its discretion and violated his statutory rights by not filing findings of fact and conclusions of law, thus, interfering with his substantive right to an adequate and effective review of the merits of his claims. In his second assignment of error, he argues that the trial court abused its discretion by dismissing his petition without allowing the state to respond and by refusing to hold a hearing.
 {¶ 3} We lack jurisdiction to hear this appeal because the trial court failed to issue findings of fact and conclusions of law when it dismissed the petition. R.C. 2953.21(C) provides:
"Before granting a hearing the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition and supporting affidavits, all the files and records pertaining to the proceedings against the petitioner, including but not limited to the indictment, the court's journal entries, the journalized records of the clerk of court, and the court reporter's transcript. Such court reporter's transcript if ordered and certified by the court shall be taxed as court costs. If the court dismisses the petition it shall make and file findings of fact and conclusions of law with respect to such dismissal."
 {¶ 4} Likewise, R.C. 2953.21(G) states, "if the court does not find grounds for granting relief, it shall make and file findings of fact and conclusions of law and shall enter judgment denying relief on the petition."
 {¶ 5} The Ohio Supreme Court has stated that:
"The procedural nature of R.C. 2953.21(C) cannot be ignored. This section, along with the other sections dealing with post-conviction relief, provide a procedure `* * * to make available "the best method of protecting constitutional rights of individuals, and, at the same time, provid[ing] a more orderly method of hearing such matters."' Kott v.Maxwell (1965), 3 Ohio App.2d 337, 338. This court's holding that findings of fact and conclusions of law are part and parcel of a judgment denying post-conviction relief fosters the orderliness of this process.
Important policy considerations also underlie this decision. The obvious reasons for requiring findings are `* * * to apprise petitioner of the grounds for the judgment of the trial court and to enable the appellate courts to properly determine appeals in such a cause.' Jones v.State (1966), 8 Ohio St.2d 21, 22. The existence of findings and conclusions are essential in order to prosecute an appeal. Without them, a petitioner knows no more than he lost and hence is effectively precluded from making a reasoned appeal. In addition, the failure of a trial judge to make the requisite findings prevents any meaningful judicial review, for it is the findings and the conclusions which an appellate court reviews for error." State v. Mapson (1982),1 Ohio St. 3d 217, 218-219, 438 N.E.2d 910.
 {¶ 6} The trial court is bound to file written findings of fact and conclusions of law when dismissing a petition for postconviction relief, even when the dismissal is granted without a hearing. State v. Perkins
(1982), 5 Ohio App.3d 182, 450 N.E.2d 733. The failure of a trial court to so act constitutes prejudicial error. Id. at 184, citing, State v.Hester (1976), 45 Ohio St.2d 71, 341 N.E.2d 304.
 {¶ 7} In the case sub judice, it is undisputed that the trial court failed to file the required findings of fact and conclusions of law when it dismissed Thomas' petition. The subject journal entry states in its entirety:
"Defendant's pro se motions for appointment of counsel, to set aside sentence and for expert assistance are denied.
Clerk ordered to send a copy of this order to: Defendant Joseph Thomas #460-830 TCI, P.O. Box 901, Leavittsburg, OH 44030."
 {¶ 8} The journal entry provides no findings of fact or conclusions of law from which we can divine the court's rationale for denying Thomas' motion. Thomas filed a request for findings of fact and conclusions of law, which the trial court also denied. However, the judgment entry dismissing Thomas' petition was not a final order and, therefore, not subject to appeal. This being the case, we lack a final, appealable order and must dismiss the appeal. See Mapson, supra.[1]
 {¶ 9} Therefore, we dismiss for lack of a final, appealable order.
It is ordered that appellee recover of appellant the costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J. and McMonagle, J. concur
[1] Although we are inclined to remand this case for the trial court to file findings of fact and conclusions of law, without jurisdiction, we can issue no such order. State v. Wells (Oct. 22, 1998), Cuyahoga App. No. 73481. However, Thomas may pursue a mandamus action seeking the trial court's compliance with R.C. 2953.21(C) and Crim.R. 35(C).