ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} On November 17, 2005, the relator, Joseph Thomas, commenced this mandamus action against the respondent, Judge Nancy M. Russo, to compel her to issue findings of fact and conclusions of law for a postconviction relief petition which Thomas filed in the underlying case, State v. Thomas, Cuyahoga County Common Pleas Court Case No. CR-440530. On January 4, 2006, the respondent judge, through the Cuyahoga County Prosecutor, moved to dismiss the mandamus action on the grounds of mootness. Attached to this dispositive motion was a copy of the findings of fact and conclusions of law for Thomas' postconviction relief petition. Thomas filed his opposition on January 18, 2006, and argued that the judge did not discharge her duty because she adopted in toto the prosecutor's proposed findings of fact and conclusions of law. For the following reasons, this court grants the judge's motion to dismiss.
 {¶ 2} After Thomas filed his postconviction relief petition on September 14, 2004, the judge quickly denied it on September 24, 2004, but without issuing the requisite findings of fact and conclusions of law. Thomas moved for such findings on October 14, 2004, but the judge denied that motion on October 26. Also in October 2004, Thomas appealed the denial of his postconviction relief petition, but this court dismissed that appeal for lack of a final, appealable order because the respondent judge had not issued findings of fact and conclusions of law as required by R.C. 2953.21. State v. Thomas, Cuyahoga App. No. 85375,2005-Ohio-4830. Accordingly, this mandamus action followed.
 {¶ 3} On January 4, 2006, the respondent judge issued the findings of fact and conclusions of law for Thomas' postconviction relief petition. These are nearly identical to the prosecutor's proposed findings of fact and conclusions of law which he submitted in late December 2005, and which Thomas attached to his brief in opposition.[1]
 {¶ 4} Thomas now complains that the judge's adopting the prosecutor's findings of fact and conclusions of law in toto does not discharge her duty because she shows that she abdicated her duty to review his petition on the merits. However, this is not persuasive.
 {¶ 5} The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. State ex rel. Ney v. Niehaus (1987),33 Ohio St.3d 118, 515 N.E.2d 914. Furthermore, mandamus is not a substitute for appeal. State ex rel. Keenan v. Calabrese
(1994), 69 Ohio St.3d 176, 631 N.E.2d 119; State ex rel. Daggettv. Gessman (1973), 34 Ohio St.2d 55, 295 N.E.2d 659; and Stateex rel. Pressley v. Industrial Commission of Ohio (1967),11 Ohio St.2d 141, 228 N.E.2d 631, paragraph three of the syllabus. Thus, mandamus does not lie to correct errors and procedural irregularities in the course of a case. State ex rel. TommieJerninghan v. Judge Patricia Gaughan (Sept. 26, 1994), Cuyahoga App. No. 67787.
 {¶ 6} The judge's decision to adopt the prosecutor's findings of fact and conclusions of law was the exercise of her discretion. Therefore, mandamus is not the proper remedy to contest that decision. Appeal is the proper remedy. Indeed, a review of the court's docket reveals that Thomas has appealed the judge's decision on his postconviction relief petition. State v.Thomas, Cuyahoga County Court of Appeals Case No. 87666.
 {¶ 7} Accordingly, the court grants the judge's motion to dismiss. The judge has fulfilled her duty to issue findings of fact and conclusions of law, and Thomas has received his requested relief, a resolution of his postconviction relief petition. Moreover, he has an adequate remedy at law which he is pursuing.
 {¶ 8} The court dismisses this application for a writ of mandamus. Respondent to pay cost. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Dyke, A.J., concurs.
 Gallagher, J., concurs.
[1] The only apparent difference is that the judge removed paragraph 22 of the findings of fact from the block and indented format which the prosecutor had used. The judge, however, kept the exact wording for that paragraph.