OPINION
{¶ 1} Defendant-appellant, Douglas L. McMullen, Jr., appeals a decision of the Butler County Court of Common Pleas overruling his petition for postconviction relief.
 {¶ 2} On August 25, 2004, appellant was indicted in the Butler County Court of Common Pleas on two counts of felonious assault and one count of improperly discharging a firearm at or into a habitation. Each of the counts was accompanied by a firearm specification. The charges stemmed from allegations that on the night of June 26-27, 2004, appellant drove past an occupied residence in Fairfield, Ohio, and fired shots at Abby Fox, Anthony Elliott, and the residence itself.
 {¶ 3} On May 31 and June 1, 2005, appellant was tried by jury on the aforementioned charges, and was subsequently found guilty as charged. Appellant moved for a new trial, but the trial court denied the motion after holding an evidentiary hearing. The trial court then sentenced appellant to a total of five years in prison, and imposed a $500 fine and costs on each of the counts on which he was convicted. On September 29, 2005, appellant filed a notice of appeal from his conviction and sentence.
 {¶ 4} On January 11, 2006, appellant, with his direct appeal pending, filed a petition for postconviction relief in the trial court, and subsequently moved for summary judgment on the petition. On February 27, 2006, the trial court issued a decision and entry overruling appellant's motion for summary judgment. On March 31, 2006, the trial court issued an entry, which the court labeled as a "final appealable order," overruling appellant's petition for postconviction relief.
 {¶ 5} On April 21, 2006, appellant filed a notice of appeal regarding the trial court's decision to overrule his petition for postconviction relief. On that same day, appellant moved this court to stay the proceedings in his direct appeal and to consolidate his appeal from the trial court's denial of his petition for postconviction relief with his direct appeal. On May 11, 2006, this court denied appellant's motion to stay the proceedings and consolidate his two appeals.
 {¶ 6} On September 5, 2006, this court issued a decision in appellant's direct appeal, overruling all of appellant's assignments of error and affirming his conviction and sentence. See State v.McMullen, Butler App. Nos. CA2005-09-414, CA2005-10-427, CA2005-10-429,2006-Ohio-4557.
 {¶ 7} The remaining matter before this court involves appellant's appeal from the trial court's March 31, 2006 decision overruling his petition for postconviction relief. Appellant assigns the following as error:
 {¶ 8} Assignment of Error No. 1:
 {¶ 9} "APPELLANT'S DUE PROCESS RIGHT TO LEGAL COUNSEL WAS PREJUDICED BY THE INEFFECTIVE ASSISTANCE OF COUNSEL."
 {¶ 10} Assignment of Error No. 2:
 {¶ 11} "THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S PETITION FOR POST-CONVICTION RELIEF BECAUSE APPELLANT PRESENTED SUFFICIENT GROUNDS IN HIS PETITION AND AFFIDAVIT TO ESTABLISH THAT HIS CONSTITUTIONAL DUE PROCESS RIGHT TO COUNSEL WAS PREJUDICED BY THE INEFFECTIVE ASSISTANCE OF COUNSEL."
 {¶ 12} We shall address appellant's second assignment of error, first, since one of the issues raised therein is dispositive of this appeal.
 {¶ 13} In his second assignment of error, appellant argues that the trial court erred by dismissing his petition for postconviction relief without either holding a hearing on his petition or making findings of fact and conclusions of law. We agree with this argument.
 {¶ 14} R.C. 2953.21 states, in pertinent part, as follows:
 {¶ 15} "(A)(1)(a) Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief."
 {¶ 16} "* * *
 {¶ 17} "(C) * * * Before granting a hearing on a petition [for postconviction relief] * * *, the court shall determine whether there are substantive grounds for relief. * * * If the court dismisses thepetition, it shall make and file findings of fact and conclusions oflaw with respect to such dismissal." R.C. 2953.21(C). (Emphasis added.)
 {¶ 18} "R.C. 2953.21(C) explicitly requires a trial court to make findings of fact and conclusions of law when denying relief on a petition for postconviction relief." State v. Saylor (1998),125 Ohio App.3d 636, 638. See, also, State v. Lester (1975), 41 Ohio St.2d 51, paragraph two of the syllabus (findings of fact and conclusions of law are mandatory under R.C. 2953.21 if the trial court dismisses the petition); and State v. Mapson (1982), 1 Ohio St.3d 217, 218 ("R.C.2953.21 mandates that a judgment denying post-conviction relief include findings of fact and conclusions of law").
 {¶ 19} "The obvious reasons for requiring findings are `* * * to appraise petitioner of the grounds for the judgment of the trial court and to enable the appellate courts to properly determine appeals in such a cause.' Jones v. State (1966), 8 Ohio St.2d 21, 22 * * *. The existence of findings and conclusions are essential in order to prosecute an appeal. Without them, a petitioner knows no more than he lost and hence is effectively precluded from making a reasoned appeal. In addition, the failure of the trial judge to make the requisite findings prevents any meaningful judicial review, for it is the findings and the conclusions which an appellate court reviews for error." [Footnote omitted.]Mapson, 1 Ohio St.3d at 219.
 {¶ 20} The findings of fact and conclusions of law should be "'explicit enough to give the appellate court a clear understanding of the basis of the trial court's decision, and to enable it to determine the ground on which the trial court reached its decision.'" (Citation omitted.) State v. Clemmons (1989), 58 Ohio App.3d 45, 46, quoted inSaylor, 125 Ohio App.3d at 639.
 {¶ 21} There are occasions when it is not necessary for a trial court to make findings of fact and conclusions of law when it dismisses a petition for postconviction relief. For example, a trial court need not issue findings of fact and conclusions of law when it dismisses a petition for postconviction relief as untimely. See State ex rel.Kimbrough v. Greene, 98 Ohio St.3d 116, 117, 2002-Ohio-7042; see, also,State v. Hansbro, Clark App. No. 2001-CA-88, 2002-Ohio-2922 (where the court noted that "[d]ue to later changes in the post-conviction relief statutes, various appellate districts have held Mapson inapplicable where petitions are dismissed on the ground of untimeliness[,]" and adopted that view, itself).
 {¶ 22} In this case, appellant's petition for postconviction relief was not untimely. Furthermore, there does not appear to be any other reason as to why the trial court could not comply — or should not have had to comply — with its obligation under R.C. 2953.21(C) to make findings of fact and conclusions of law when the court dismissed appellant's petition for postconviction relief.
 {¶ 23} The Mapson court found that findings of fact and conclusions of law are "essential to a judgment denying post-conviction relief[,]" see id., 1 Ohio St.3d at 220, and "that a judgment entry filed without such findings is incomplete and it thus does not commence the running of the time period for filing an appeal therefrom." Id. at 218.
 {¶ 24} Citing Mapson, at least one appellate court has found that where the trial court fails to make findings of fact and conclusions of law in denying a petition for postconviction relief, the court's order is "not a final order and, therefore, not subject to appeal." State v.Perkins (1982), 5 Ohio App.3d 182, 184. As a result, thePerkins court dismissed the appeal and remanded the cause to the trial court to make the required findings of fact and conclusions of law. Id.
 {¶ 25} Other courts simply have found that the trial court's failure to make findings of fact and conclusions as required by R.C. 2953.21
constituted reversible error, and have reversed the trial court's judgment and remanded the matter to the trial court for further proceedings. See State v. Riggins (1993), 91 Ohio App.3d 350, 351.
 {¶ 26} Whichever analysis is used, it is clear that the trial court's failure to issue findings of fact and conclusions of law as required by R.C. 2953.21(C) constituted reversible error. Accordingly, we will remand this cause to the trial court to allow the court either to (1) make findings of fact and conclusions of law, pursuant to R.C.2953.21(C), in support of its dismissal of appellant's petition for postconviction relief or (2) hold a hearing on appellant's petition pursuant to R.C. 2953.21(E).
 {¶ 27} In light of the foregoing, appellant's second assignment of error is sustained to the extent indicated. Based upon this ruling, we decline to rule on appellant's remaining assignments of error at this time. See App.R. 12(A)(1)(c).
 {¶ 28} The trial court's judgment is reversed, and this cause is remanded for further proceedings consistent with this opinion and in accordance with the law of this state.
POWELL, P.J., and YOUNG, J., concur.