[Cite as *State v. Wilson*, 2014-Ohio-2342.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2013-10-034 |
| | : | O P I N I O N |
| - vs - | | 6/2/2014 |
| | : | |
| COREY A. WILSON, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
Case No. CRI20120090

Stephen J. Pronai, Madison County Prosecuting Attorney, Nicholas A. Adkins, 59 North Main Street, London, Ohio 43140, for plaintiff-appellee

Shannon M. Treynor, 63 North Main Street, P.O. Box 735, London, Ohio 43140, for defendant-appellant

**HENDRICKSON, J.**

{¶ 1} Defendant-appellant, Corey A. Wilson, appeals from a decision of the Madison County Court of Common Pleas denying his motion for postconviction relief. For the reasons stated below, we affirm in part, reverse in part, and remand for further proceedings.

{¶ 2} On August 8, 2012, appellant was indicted on two counts of the illegal use of a minor in nudity-oriented material or performance in violation of R.C. 2907.323(A)(1), felonies

of the second degree (counts one and two), two counts of the illegal use of a minor in nudity-oriented material or performance in violation of R.C. 2907.323(A)(3), felonies of the fifth degree (counts three and four), and one count of possession of criminal tools in violation of R.C. 2923.24(A), a felony of the fifth degree (count five). The charges arose out of allegations that appellant had taken and received nude photos of two minor females on his cellphone.

{¶ 3} On December 4, 2012, appellant entered a guilty plea on counts one and three, and the remaining charges were dismissed. Appellant was sentenced on January 24, 2013, to four years in prison on count one and one year in prison on count three, to be run concurrently for an aggregate sentence of four years. Appellant did not directly appeal his conviction or sentence.

{¶ 4} On July 19, 2013, appellant filed a motion for postconviction relief. Appellant sought "relief from the plea, judgment, and sentence" entered against him, which he claimed "was the direct result of his ineffective assistance of counsel." Appellant asserted his trial counsel was ineffective in the following two ways: (1) trial counsel mistakenly informed appellant he would receive the minimum sentence of two years in prison if he entered a guilty plea when, in reality, appellant received a four-year prison sentence and five years of mandatory postrelease control; and (2) trial counsel failed to file a motion to suppress statements appellant made to a police officer on May 9, 2012, even though appellant made such statements while in custody and without knowingly, intelligently, or voluntarily waiving his *Miranda* rights. Specifically, appellant argued his trial counsel should have sought to suppress statements that he kissed one of the minor victims, J.M., around eight times and that he was the "aggressor" in the relationship. Appellant argued he would not have entered a guilty plea if his May 9, 2012 statements had been suppressed or if he had known he would have been sentenced to more than two years in prison. In support of his motion for

postconviction relief, appellant attached an affidavit in which he averred that he signed a written guilty plea form only after being told by his counsel that he would get a prison sentence of two years. Appellant also attached a variety of exhibits to his motion, including copies of the West Jefferson Police Department's "Progress of Investigation" Report, a *Miranda* Waiver form executed by appellant on May 9, 2012, a May 8, 2012 written statement made by one of the minor victims, J.M., appellant's Waiver and Plea on Indictment Entry, and a West Jefferson Police Department "Statement of Facts" Report. On August 23, 2013, appellant filed a separate request for an evidentiary hearing on his motion for postconviction relief.

{¶ 5} The state filed a memorandum in opposition to appellant's motion for postconviction relief and request for an evidentiary hearing. The state argued appellant's motion should be denied without holding an evidentiary hearing, as the record of the plea hearing indicated appellant knowingly, intelligently, and voluntarily entered a guilty plea on counts one and three after being informed of his Crim.R. 11 rights. At this time, appellant specifically indicated no "other promises, threats, or representations of any kind" had been made to him to induce him to enter into the guilty plea. Further, the record from appellant's sentencing hearing indicated that the trial court had specifically informed appellant that, with respect to his second-degree felony conviction, he faced a prison term of up to eight years, five years of postrelease control, and classification as a Tier II sex offender. After imposing a four-year prison term on count one, a one-year prison term on count three, and running the sentences concurrently, the trial court specifically asked appellant if there was anything he had to say, to which appellant responded "no." The state contended that because appellant had numerous opportunities to address the trial court and he never used these opportunities to indicate he was promised a two-year prison term by his trial counsel, appellant's motion for postconviction relief was without merit and should be denied without holding an evidentiary

hearing.

{¶ 6} The state further argued appellant's second claim – that he was entitled to postconviction relief on the basis that his trial counsel failed to file a motion to suppress his May 9, 2012 statements – was without merit. The state contended appellant was not under arrest on May 9, 2012, and that he voluntarily executed a *Miranda* waiver before speaking to officers on that date. The state further argued that at the time appellant spoke to officers on May 9, 2012, he was being investigated on a separate crime, aggravated menacing by stalking, and it was appellant's voluntary statements during this investigation which led to a warrant being issued to search appellant's cellphone and the eventual discovery of the nude photos. The state argued that under the totality of the circumstances, where appellant was questioned when he was not under arrest and after he executed a *Miranda* waiver and where the evidence of the illegal use of a minor in nudity-oriented material was obtained by way of a search warrant, it was more than reasonable for appellant's trial counsel to choose not to file a motion to suppress.

{¶ 7} On September 25, 2013, the trial court denied appellant's motion for postconviction relief and his request for an evidentiary hearing, stating the following:

> This matter is before the Court on Defendant's motion for postconviction relief. Defendant asserts that his plea was not made knowingly, intelligently and voluntarily, and ineffective assistance of counsel. In *State v. Kapper*, 5 Ohio St.3d 36, 38 (1983), the Supreme Court of Ohio held that a petition for postconviction relief may be dismissed without a hearing "when the record, including the dialogue conducted between the court and the defendant pursuant to Crim.R. 11, indicates that the petitioner is not entitled to relief and that the petitioner failed to submit evidentiary documents containing sufficient operative facts to demonstrate that the guilty plea was coerced or induced by false promises." The only relevant evidence presented herein is the self-serving affidavit of Defendant which is directly contradicted by the record. For the reasons stated in the State's response, Defendant's motion for postconviction relief and an evidentiary hearing thereon is hereby overruled. It is So Ordered.

{¶ 8} Appellant timely appealed the trial court's denial of his motion for postconviction relief, raising two assignments error for review. As the two assignments of error are interrelated, we will address them together.

{¶ 9} Assignment of Error No. 1:

{¶ 10} THE TRIAL COURT ERRED IN DENYING PETITION FOR POST-CONVICTION RELIEF AND AN EVIDENTIARY HEARING.

{¶ 11} Assignment of Error No. 2:

{¶ 12} THE TRIAL COURT ERRED IN FAILING TO MAKE FINDINGS OF LAW AND CONCLUSIONS OF FACT [sic] THAT PETITION FOR POST-CONVICTION RELIEF ESTABLISHED A PRIMA FACIA SHOWING OF SUBSTANTIVE GROUNDS FOR RELIEF.

{¶ 13} In his first and second assignments of error, appellant argues the trial court improperly denied his petition for postconviction relief without addressing every argument raised in his motion and without holding an evidentiary hearing. Specifically, appellant argues that the trial court failed to make findings of facts and conclusions of law with respect to his argument that he received ineffective assistance based on his trial counsel's failure to file a motion to suppress his May 9, 2012 statements. He further contends the findings of fact and conclusions of law with respect to his claim that counsel was ineffective for failing to inform him of the potential penalty he faced for pleading guilty to a second-degree felony were insufficient. Finally, appellant argues that his petition contained sufficient operative facts establishing a substantive ground for relief so as to entitle him to an evidentiary hearing.

{¶ 14} Postconviction relief petitions are governed by R.C. 2953.21, which states, in pertinent part, the following:

> (A)(1)(a) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file

- 5 -

a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

* * *

(C)   * * * Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief.   * * *   If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal.

* * *

(E)   Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues even if a direct appeal of the case is pending.

{¶ 15} A postconviction proceeding is not an appeal of a criminal conviction, but rather, is a collateral civil attack on a criminal judgment. *State v. Dillingham*, 12th Dist. Butler Nos. CA2012-02-037 and CA2012-02-042, 2012-Ohio-5841, ¶ 8; *State v. Calhoun*, 86 Ohio St.3d 279, 281 (1999).  "In reviewing an appeal of postconviction relief proceedings, this court applies an abuse of discretion standard."  *State v. Vore*, 12th Dist. Warren Nos. CA2012-06-049 and CA2012-10-106, 2013-Ohio-1490, ¶ 10, citing *State v. Wagers*, 12th Dist. Preble No. CA2011-08-007, 2012-Ohio-2258, ¶ 15.  For this court to find an abuse of discretion, we must find more than an error of judgment; we must find that the trial court's ruling was unreasonable, arbitrary, or unconscionable. *Id.*  A reviewing court will not overrule the trial court's finding on a petition for postconviction relief where the finding is supported by competent and credible evidence.  *Wagers* at ¶ 15.

{¶ 16} Furthermore, "[a]n evidentiary hearing is not automatically guaranteed each time a defendant makes a petition for postconviction relief."  *Vore* at ¶ 11.  A trial court properly denies a postconviction relief petition without a hearing if the supporting affidavits,

the documentary evidence, the files, and the records of the case do not demonstrate that the petitioner set forth substantial operative facts to establish substantive grounds for relief. *State v. Blankenburg*, 12th Dist. Butler No. CA2012-04-088, 2012-Ohio-6175, ¶ 9. *See also* R.C. 2953.21(C). The decision to grant or deny the petitioner an evidentiary hearing is left to the sound discretion of the trial court. *Dillingham* at ¶ 8.

### Ineffective Assistance: Minimum of Two Years

{¶ 17} We find no error in the trial court's decision to deny appellant's motion for postconviction relief without holding an evidentiary hearing on appellant's claim that his trial counsel was ineffective for informing him that he would be sentenced to the statutory minimum of two years in prison for his second-degree felony conviction. To prevail on an ineffective assistance of counsel claim, an appellant must establish that his trial counsel's performance was deficient and that such deficiency prejudiced the defense to the point of depriving the appellant of a fair trial. *Vore* at ¶ 13, citing *State v. Myers*, 12th Dist. Fayette No. CA2005-12-035, 2007-Ohio-915, ¶ 33. Trial counsel's performance will not be deemed deficient unless it "fell below an objective standard of reasonableness." *Id.*, quoting *Strickland v. Washington*, 466 U.S. 688, 688, 104 S.Ct. 2052 (1984). To show prejudice, the appellant must prove there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*, quoting *Strickland* at 694.

{¶ 18} As an initial matter, we note that the findings of fact and conclusions of law entered by the trial court on this matter were sufficient and explicit enough to give this court a clear understanding of the basis of the trial court's decision, and to enable us to determine the ground on which the trial court reached its decision. *See State v. McMullen*, 12th Dist. Butler No. CA2006-04-086, 2007-Ohio-125, ¶ 20. Having reviewed the record before us, we

find that appellant's motion for postconviction relief was properly denied as appellant could not demonstrate he was prejudiced by trial counsel's alleged deficiency. As recognized by the trial court, "a petition for post-conviction relief is subject to dismissal without a hearing when the record, including the dialogue conducted between the court and the defendant pursuant to Crim.R. 11, indicates that the petitioner is not entitled to relief and that the petitioner failed to submit evidentiary documents containing sufficient operative facts to demonstrate that the guilty plea was coerced or induced by false promises." *State v. Kapper*, 5 Ohio St.3d 36, 38 (1983). In the present case, the record from the plea hearing and the sentencing hearing indicate appellant had been properly advised by the trial court of his Crim.R. 11 rights and had been informed by the trial court of a potential eight-year sentence on his second-degree felony conviction. Appellant did not indicate at either hearing that he had been "promised" or otherwise informed by his counsel that he would only receive a two-year prison term on his second-degree felony conviction. As the documents appellant attached in support of his motion, including his own, self-serving affidavit, did not demonstrate substantive grounds for relief with respect this claim, we find that the trial court did not err in denying appellant's motion without holding an evidentiary hearing.

{¶ 19} We, therefore, overrule appellant's first and second assignments of error as they relate to his claim that trial counsel was ineffective for informing him that he would be sentenced to the statutory minimum of two years in prison for his second-degree felony conviction.

### Ineffective Assistance: Motion to Suppress

{¶ 20} With respect to appellant's second claim for relief, we find that the trial court failed to make findings of fact and conclusions of law sufficient to allow this court to review the merits of appellant's claim. The trial court's entry denying appellant's motion for

postconviction relief does not contain any reference to appellant's claim that his trial counsel was ineffective for failing to file a motion to suppress his May 9, 2012 statements.

{¶ 21} "R.C. 2953.21(C) explicitly requires a trial court to make findings of fact and conclusions of law when denying relief on a petition for postconviction relief." *McMullen*, 2007-Ohio-125 at ¶ 18, citing *State v. Saylor*, 125 Ohio App.3d 636, 638 (12th Dist.1998). The "obvious reasons for requiring findings are * * * to appraise petitioner of the grounds for the judgment of the trial court and to enable the appellate courts to properly determine appeals in such a cause." *Id.* at ¶ 19, citing *Jones v. State*, 8 St.2d 21, 22 (1966).

{¶ 22} In this case, the trial court's failure to make the requisite findings of fact and conclusions of law with respect to appellant's motion to suppress claim prevents us from conducting a meaningful judicial review. *See id.*, citing *State v. Mapson*, 1 Ohio St.3d 217, 219 (1982). There does not appear to be any reason as to why the trial court could not comply, or should not have had to comply, with its obligation under R.C. 2953.21(C) to make findings of fact and conclusions of law when it dismissed this portion of appellant's motion for postconviction relief.

{¶ 23} Accordingly, we find this portion of appellant's first and second assignments of error to be well-taken, and therefore sustain appellant's first and second assignments of to the extent that the trial court erred by denying appellant's motion for postconviction relief without making findings of fact and conclusions of law on appellant's motion to suppress claim. We reverse, in part, the trial court's denial of appellant's motion for postconviction relief and remand this cause to the trial court to either (1) make findings of fact and conclusions of law as required by R.C. 2953.21(C), or (2) hold a hearing on appellant's petition pursuant to R.C. 2953.21(E) with respect to appellant's motion to suppress claim. In all other respects, the trial court's denial of appellant's motion for postconviction relief is affirmed.

{¶ 24} Judgment affirmed in part, reversed in part, and the matter remanded for further proceedings consistent with this opinion.

RINGLAND, P.J., and M. POWELL, J., concur.