JONES, APPELLANT, v. THE STATE OF OHIO, APPELLEE.

(No. 40254—Decided December 14, 1966.)

*Mr. Orville M. Jones, in propria persona.*
*Mr. Paul J. Mikus,* prosecuting attorney, for appellee.

*Per Curiam.* In his petition and motions in support thereof, appellant alleges that he was held incommunicado, that an attorney told him to sign the waiver of counsel, and that he did not read such waiver and in fact could not read it inasmuch as he is a functional illiterate.

Basically, appellant alleges that he did not intelligently waive the right to counsel. The trial court made the following finding:

"Petition and motions of the defendant show to the satisfaction of the court that the defendant is not entitled to relief. See waiver attached hereto—petition and motions dismissed."

Section 2953.21, Revised Code, reads in part as follows:

"Unless the petition and the files and records of the case show to the satisfaction of the court that the prisoner is entitled to no relief, the court shall cause notice thereof to be served on the Prosecuting Attorney, grant a prompt hearing thereon,

determine the issues, and make findings of fact and conclusions of law with respect thereto."

Under the provisions of this section, it is the mandatory duty of the trial court to make findings of fact and conclusions of law if a petitioner raises an issue properly cognizable under the Postconviction Remedy Act, the resolution of which requires the determination of facts.

If such facts may not be determined from an examination of the court records, it is the duty of the court, by deposition or otherwise, to conduct a hearing to obtain the necessary information to make the required findings of fact and conclusions of law.

Such findings are necessary to apprise the petitioner of the grounds for the judgment of the trial court and to enable the appellate courts to properly determine appeals in such a cause.

To have an effective waiver of counsel the accused must be fully informed of his right to counsel, either retained or state-appointed, must understand such right and must intelligently and knowingly waive such right. *Carnley* v. *Cochran*, 369 U. S. 506.

The contention that there was no effective waiver of counsel raises issues of fact as to whether the accused was properly informed of his right to counsel, whether he was mentally capable of understanding such right and whether he intelligently and knowingly waived such right.

These are questions which cannot ordinarily be determined from an examination of the records, at least as to the mental capabilities of the accused.

The finding of the trial court in the instant cause does not reflect a determination of such issues of fact and conclusions of law in relation thereto.

The motion to certify the record is, therefore, allowed. The judgment of the Court of Appeals is reversed and the cause is remanded to the Court of Common Pleas to enable such court to make proper findings of fact and conclusions of law.

*Judgment reversed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.