JOURNAL ENTRY AND OPINION
Defendant-appellant Recardo Taborn appeals from the trial court's denial of his motion for postconviction relief from his conviction for murder in violation of R.C. 2903.02, with a firearm specification. Pursuant to a plea agreement, the appellant entered a plea of guilty to the murder charge and the rest of the indictment was knolled. On September 16, 1992, the appellant was sentenced to a three-year term of imprisonment for the firearm specification and a term of fifteen years incarceration for the crime of murder. The appellant did not file a direct appeal from his conviction.
On September 17, 1996, the appellant filed a pro se Petition to Vacate or Set Aside the Sentence. A subsequent motion for postconviction relief was filed on March 24, 1997. In both motions, the appellant asserted that he had been rendered ineffective assistance of counsel due to counsels' failure to adequately investigate the charges against him. In the second petition, the appellant argued also that he was rendered ineffective assistance of counsel due to counsels' decision to withdraw a motion to dismiss his case. The trial court issued its findings of fact and conclusions of law denying the appellant's motions on January 25, 2000.
The transcript of the plea hearing reveals that the hearing was proceeding apace until the court inquired as to the appellant's satisfaction with his counsel. The appellant responded, I feel as though I could be represented better. * * * As far as the efforts involved, as far as their independent effort. (T. 8.) The court then outlined the voluminous number of motions filed by counsel and then inquired of the appellant as to what he believed counsel had left undone. The appellant responded that, I am just angry right now, your Honor. (T. 11). The court responded:
 THE COURT: Well, it's very important to me before I proceed to know if there is anything in particular, any witness that you think they didn't talk to that they should have talked to, anybody at all that you know of. Is there any witness that they didn't talk to that you told them about or that they should have known about?
THE DEFENDANT: No.
THE COURT: Any witness at all?
THE DEFENDANT: I believe they talked to everyone.
(T. 11-12) The court then questioned the appellant regarding his satisfaction with the appointed investigator. The appellant responded that he was dissatisfied because the investigator spoke only with the State's witnesses and none for the appellant. The appellant could not name the witnesses the investigator should have spoken with, but stated that his mother had a long list. The appellant indicated that the witnesses were people who knew his whereabouts at the time of the crime. The following statements from counsel for the appellant appear on the record:
 MR. LOBE: Your Honor, Mrs. Taborn is in the courtroom today, we have had and Mr. Taborn and other family members. In addition to what the investigator did do, there were other witnesses that we had found, the mother had sought out, and we've talked to some of them if they came to the courthouse.
 Most other witnesses just would not make themselves available for us to even talk to. If we did talk to them, without revealing too much, we felt that their evidence would not be in the best interest of our client.
 Mr. Tobik has talked to some, I have talked to some, I have had some telephone conversations, and we have always at all times openly told everybody that we wanted to meet with these people in our offices to examine them further and none of which ever appeared, even though a few had scheduled meetings with me personally and I believe with Mr. Tobik and they did not appear.
THE COURT: Mr. Tobik.
 MR. TOBIK: I believe that's an accurate statement, your Honor. We have talked to some witnesses that would be essential either in person or by phone, and there were some witnesses that did not come forward. And I will say that Mr. Taborn's mother also was out there daily looking for witnesses and she ran into the same problem.
 THE COURT: Okay. Let me ask you this. These are supposedly alibi witnesses, Mr. Taborn, witnesses who would say you weren't at the scene of the crime?
THE DEFENDANT: Yes.
 THE COURT: Am I wrong or did we have four co-defendants who said that you were not only at the crime, but that you actually shot the gun?
Mr. Nolan, am I confusing this case with another?
 MR. NOLAN: You are not confusing it. You have four adults who are willing to testify against this man, who is a juvenile, a fifth person involved, all of whom say that this man shot the victim. This defendant admitted, as the Court is aware, by way of the suppression hearing, that this defendant admitted to shooting the victim.
 THE COURT: Mr. Taborn, having gone through the various items and having refreshed in your mind as to what your attorneys have done or not done for you, are you satisfied with the representation that Mr. Lobe and Mr. Tobik have provided for you?
THE DEFENDANT: Yes.
(T. 13-15).
The appellant then entered his plea of guilty and the court proceeded to enter the mandatory sentence. As stated supra, no direct appeal was filed from this conviction.
The appellant sets forth three assignments of error.
The first and second assignments of error will be considered together:
 THE TRIAL COURT ERRED IN FINDING THAT THE APPELLANT'S PRO S.E. PETITIONS FOR POSTCONVICITON RELIEF AND TO VACATE OR SET ASIDE THE SENTENCE WERE BARRED BY THE DOCTRINE OF RES JUDICATA.
 THE TRIAL COURT ERRED BY DENYING APPELLANT'S PETITIONS WITHOUT HOLDING AN EVIDENTIARY HEARING.
In the first assignment of error, the appellant asserts that the court failed to consider or mention his evidence dehors the record in the findings of fact and conclusions of law, but rather merely stated that the first petition was barred by the doctrine of res judicata because the issues should have been raised on direct appeal. The appellant asserts that the evidence dehors the record was clearly unavailable at the time of the conviction and that the evidence attached to the petitions should have at least raised a material issue of fact regarding the appellant's alibi for the time the crime was committed. The appellant states that at the time he entered the plea he believed he had a choice of entering the plea or proceeding to trial on a case that had not been adequately prepared.
In the second assignment of error, the appellant argues that the trial court erred in finding that he failed to demonstrate sufficient quantum of evidentiary facts, which if proven, would demonstrate that he was prejudiced by ineffective assistance of counsel. The appellant asserts that the trial court should have held a hearing on the petitions.
Thus, in both assignments of error, the appellant is essentially charging that the court ignored the evidence attached to his petitions. This court also notes that the trial court based its decision on the doctrine of res judicata, but also considered the merits of the appellant's petitions and held that the appellant failed to set forth substantive grounds for relief.
R.C. 2953.21 does not require a trial court to automatically hold a hearing on every motion for postconviction relief. Rather, the court must determine whether there are substantive grounds for relief, i.e., whether there are grounds to believe that there was such a denial or infringement of the appellant's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States. State v. Calhoun (1999), 86 Ohio St.3d 279, at syllabus 2.
When alleging that a defendant has received ineffective assistance of counsel, before a hearing is granted, the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness. Calhoun, supra, citing to State v. Jackson (1980), 64 Ohio St.2d 107.
The Calhoun Court held that in reviewing a petition for postconviction relief, a trial court should give due deference to affidavits sworn to under oath and filed in support of the petition, but that the trial court may, in its discretion, judge the credibility of the affidavits in determining whether to accept the affidavits as true statements of fact. Calhoun, at syllabus 1. The trial court may deem affidavit testimony to lack credibility without first examining the affiant. Calhoun, supra. The factors to be considered when evaluating an affidavit are: 1) whether the judge reviewing the postconviction relief petition also presided over the trial; 2) whether multiple affidavits contain nearly identical language, or otherwise appear to have been drafted by the same person; 3) whether the affidavits contain or rely on hearsay, 4) whether the affiants are relatives of the petitioner, or otherwise interested in the success of the petitioner's efforts; and, 5) whether the affidavits contradict evidence proffered by the defense at trial. Calhoun, citing to State v. Moore (1994), 99 Ohio App.3d 748 and Sumner v. Mata (1981), 449 U.S. 539,545-546.
In the case sub judice, an examination of the evidence attached to the motions for postconviction relief reveal that the appellant submitted his own affidavit, the affidavit of his mother, various copies of police reports, unauthenticated statements of interviews with potential witnesses, a letter from his counsel to his mother, a memo apparently from his counsel, a portion of the plea transcript, a portion of the transcript regarding the motion to suppress and withdrawal of the motion to dismiss the indictment, a copy of the motion to dismiss the indictment, and the appellant's own statement to the police. In her affidavit, Mrs. Taborn states that during the time her son was confined in the County Jail, after his arrest but prior to the plea, she was approached by gang members and received threats on her life, and the life of her son's child, should the appellant fail to enter a plea. Mrs. Taborn affirmed that she informed the appellant's trial counsel of this threat, but counsel failed to act. As a result, she hired an investigator.
All of this information, save perhaps the unauthenticated statements of interviews with potential witnesses, was available to the appellant at the time he entered his plea. When considering the factors set forth above, this court notes that: 1) the judge reviewing the postconviction relief petition also presided over the trial; 2) that the affidavit of Mrs. Taborn, the appellant's mother, relies on hearsay; and, 3) the evidence contradicts facts known to the judge at the time of the plea hearing that there were five witnesses ready to testify that the appellant was the person who shot and killed the victim. The trial court was not bound to accept as substantive evidence police reports made during an ongoing investigation related to another potential suspect, a suspect who was obviously eliminated by the police as the perpetrator.
Turning next to the unauthenticated statements of interviews with potential witnesses, this court finds that, again, the trial court was not bound to accept these documents as substantive evidence. These documents contain no affidavit, and on most authorship is unclaimed. Even had these documents been authenticated, they would not be sufficient because they are absolutely hearsay.
The trial court did not err in denying the appellant's motions for postconviction relief without a hearing. The appellant's first and second assignments of error are overruled.
The appellant's third assignment of error:
 THE TRIAL COURT ERRED WHEN DISMISSING THE APPELLANT'S PETITION FOR POSTCONVICTION RELIEF WITHOUT SETTING FORTH ITS FINDINGS ON EACH ISSUE AND CLAIM PRESENTED IN THE PETITION.
The appellant asserts that the trial court erred in failing to enter specific findings of fact and conclusions of law which would have appraised him of the grounds for the judgment and which would enable this court to properly determine the appeal.
The Supreme Court has addressed this question in the recent case of Statev. Calhoun (1999), 86 Ohio St.3d 279, at syllabus 3. In the body of the opinion, when considering whether or not the trial court had made sufficient findings of fact and conclusions of law, the court stated:
 If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal." R.C. 2953.21(C). The court of appeals found that the trial court did not make sufficient findings of fact and conclusions of law because the trial court did not address every argument raised by petitioner and allegedly supported by documentary evidence.
 This court echoed the language of the statute in State v. Lester (1975), 41 Ohio St.2d 5, Ohio Op.2d 150, 322 N.E.2d 656, paragraph two of the syllabus, where we held that findings of fact and conclusions of law are mandatory under R.C. 2953.21 if the trial court dismisses the petition. `The obvious reasons for requiring findings are' * * * to apprise petitioner of the grounds for the judgment of the trial court and to enable the appellate courts to properly determine appeals in such a cause." Jones v. State (1966), 8 Ohio St.2d 21, 22 [37 Ohio Op.2d 357, 358, 222 N.E.2d 313, 314]. The exercise of findings and conclusions are essential in order to prosecute an appeal. Without them, a petitioner knows no more than [that] he lost and hence is effectively precluded from making a reasoned appeal. In addition, the failure of a trial judge to make the requisite findings prevents any meaningful judicial review, for it is the findings and the conclusions which an appellate court reviews for error.'" State ex rel. Carrion v. Harris (1988), 40 Ohio St.3d 19, 530 N.E.2d 1330, 1330-1331, quoting State v. Mapson (1982), 1 Ohio St.3d 217, 219, 1 Ohio B. Rep. 240, 242, 438 N.E.2d 910, 912.
 A trial court need not discuss every issue raised by appellant or engage in an elaborate a lengthy discussion in its findings of fact and conclusions of law. The findings need only be sufficiently comprehensive and pertinent to the issue to form a basis upon which the evidence supports the conclusion.
 State v. Clemmons (1989), 58 Ohio App.3d 45, 46, 568 N.E.2d 705, 706-707, citing 5A Moore, Federal Practice (2 Ed. 1990) 52-142, Section 52.06[1].
 Thus, we hold that a trial court properly denies a petition for postconviction relief, pursuant to R.C. 2953.21, and issues proper findings of fact and conclusions of where such findings are comprehensive and pertinent to the issues presented, where the findings demonstrate the basis for the decision by the trial court, and where the findings are supported by the evidence.
Here, the trial court entered a thirteen-page entry detailing the findings of fact and the conclusions of law. As in Calhoun, supra, the trial court in its order outlined the procedural history, set forth the appropriate legal standards, and addressed defendant's claims. Having sufficiently reviewed both of the petitions and the supporting documentation, the trial court concluded that defendant's guilty plea was appropriately obtained and it would be improper to vacate the plea. Thus, the court found that the petition did not set forth substantive grounds for relief. The trial court's findings of fact and conclusions of law were adequate in conveying to the court of appeals the basis for its decision.
The appellant's third assignment of error is overruled.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _______________________________________ JAMES D. SWEENEY, PRESIDING JUDGE
PATRICIA A. BLACKMON, J., and ANNE L. KILBANE, J., CONCUR.