[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Petitioner-appellant Henry O'Hara was convicted, following a jury trial, of rape and kidnapping. He appealed and was represented by new counsel. This court affirmed his convictions.[1] While his direct appeal was pending, O'Hara, pro se, filed a R.C. 2953.21 petition for postconviction relief in the Hamilton County Court of Common Pleas. The common pleas court dismissed O'Hara's petition without a hearing, ruling that O'Hara had failed to support his claims with proper evidentiary documentation and, thus, that they were barred under the doctrine of resjudicata. From that dismissal, O'Hara brings this appeal.
In his first assignment of error, O'Hara argues that the trial court erred in dismissing his petition on the basis of res judicata. When a petitioner files a R.C. 2953.21 petition raising a constitutional issue based upon evidence outside the record, the trial court must grant a hearing unless it determines, after considering the petition, the supporting affidavits, and files and records of the case, that the petitioner is not entitled to relief.[2] But, reliance on evidence outside of the record will not always guarantee a right to an evidentiary hearing.[3] Res judicata will bar constitutional claims that have or could have been raised previously.[4] To overcome the res judicata
bar, the evidence offered outside of the record must demonstrate that the petitioner could not have raised the constitutional claim in the original record.[5] Additionally, any evidence outside of the record offered in support of the constitutional claim must meet a minimum level of cogency[6] and plausibility[7] to warrant consideration.
In his petition for postconviction relief, O'Hara asserted two claims: (1) that the state had failed to produce exculpatory forensic evidence, thereby denying him due process, and (2) that he had been denied the effective assistance of counsel.
We uphold the trial court's dismissal of O'Hara's first claim on resjudicata grounds. In his direct appeal, O'Hara raised in his second assignment of error the state's failure to disclose exculpatory evidence. In his petition for postconviction relief, O'Hara did not suggest what evidence the state had failed to disclose, nor did he cite to any evidence outside the record in support of his claim. "A mere hypothesis of a constitutional claim upon further discovery is not sufficient to warrant an evidentiary hearing."[8] Thus, we agree with the trial court that this claim was barred under the doctrine of resjudicata.
In his second claim for relief, O'Hara alleged that trial counsel had been ineffective for failing to call his brother, T.J. O'Hara, as a defense witness. O'Hara stated that T.J.'s testimony would have directly contradicted the testimony of the victim, who had denied having a consensual sexual relationship with O'Hara. In support of this claim, O'Hara attached to his petition a handwritten letter from his brother. In the letter, T.J. indicated that he had seen Henry and the rape victim together, and that he knew they were having a consensual sexual relationship.
In the direct appeal of his convictions, O'Hara was represented by new counsel. At that time, O'Hara assigned as error the ineffective assistance of trial counsel. O'Hara argues that res judicata could not have barred this claim in the postconvicition proceedings, because trial counsel's failure to call T.J. O'Hara as a witness was not specifically raised in his direct appeal, and because this issue could not have been effectively raised on direct appeal due to the need for supporting evidence outside of the record.
We agree with O'Hara that res judicata does not bar a claim of ineffective assistance of trial counsel that cannot fairly be determined without evidence outside of the record.[9] But, the evidence outside of the record in support of the claim in postconviction proceedings must meet a minimal level of cogency and plausibility to avoid a res judicata
bar.[10]
We hold that the trial court was well within its discretion in discounting the credibility of T.J. O'Hara's letter and holding that the letter was insufficient to overcome the res judicata bar.[11] First, T.J. O'Hara did not make the statements in the letter under oath in an affidavit, and, therefore, the letter was not entitled to the due deference given to affidavits sworn under oath.[12] Second, T.J. stated in the letter that he would have done anything within his power to obtain O'Hara's release and that he was on drugs during the relevant time period, further weakening the credibility of the statements. Last, the judge who reviewed the postconviction petition also presided at O'Hara's trial, and he was in the best position to assess the credibility of the letter.
O'Hara failed to submit credible evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness.[13]
Under these circumstances, we hold the trial court did not err in dismissing his ineffective-assistance claim on the basis of resjudicata.[14]
Accordingly, we overrule the first assignment of error and uphold the trial court's dismissal of both claims on the basis of res judicata.
In his second assignment of error, O'Hara argues that the trial court erred in granting summary judgment to the state when the state failed to produce any evidence to demonstrate its entitlement to summary judgment. According to O'Hara, the language of Civ.R. 56(C) required the state to produce documentary evidence in support of its motion.
The record in this case reveals that the state did not file a motion for summary judgment, but rather a motion in opposition to the postconviction petition.[15] R.C. 2953.21(C) requires the trial court to consider the entire record of the proceedings against the petitioner before dismissing such a petition. Under the facts of this case, where O'Hara's claims were barred under the doctrine of res judicata and were not supported by sufficient evidence, the state was not required to submit any documentary evidence in support of its motion. Accordingly, the second assignment of error is overruled.
In his third assignment of error, O'Hara argues the trial court erred by failing to issue clear, specific and complete written findings of fact and conclusions of law.
Findings of fact and conclusions of law are mandatory under R.C.2953.21(C) if the trial court dismisses a postconviction petition. The findings and conclusions serve to apprise the petitioner of the grounds for the trial court's judgment and to enable the appellate courts to properly review the case.[16] To this end, the findings and conclusions must be comprehensive and pertinent to the issues presented, demonstrate the basis for the decision, and draw from evidence in the record.[17]
In this case, we hold that the trial court's findings of fact and conclusions of law were sufficient to apprise O'Hara of the grounds for the court's judgment and to enable effective appellate review. Accordingly, the third assignment of error is overruled, and the trial court's judgment is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Hildebrandt and Gorman, JJ.
[1] State v. O'Hara (June 29, 2001), Hamilton App. Nos. C-000314 and C-000318, unreported, appeal not allowed (2002), 94 Ohio St.3d 1428,761 N.E.2d 46.
[2] R.C. 2953.21(E).
[3] See State v. Combs (1994), 100 Ohio App.3d 90, 97, 652 N.E.2d 205,209.
[4] See State v. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus.
[5] See State v. Lawson (1995), 103 Ohio App.3d 307, 315, 659 N.E.2d 362,367.
[6] See Combs, supra, at 98, 653 N.E.2d at 209-210; State v. Tibbetts
(Mar. 30, 2001), Hamilton App. No. C-000303, unreported, discretionary appeal not allowed (2001), 93 Ohio St.3d 1409, 754 N.E.2d 258.
[7] See State v. Calhoun (1999), 86 Ohio St.3d 279, 714 N.E.2d 905.
[8] State v. Coleman (Mar. 17, 1993), Hamilton App. No. C-900811, unreported.
[9] See State v. Cole (1982), 2 Ohio St.3d 112, 114, 443 N.E.2d 169,171; State v. Sowell (1991), 73 Ohio App.3d 672, 598 N.E.2d 136.
[10] See Cole, supra; State v. Nields (Nov. 17, 2000), Hamilton App. No. C-990474, unreported, discretionary appeal not allowed (2001),930 Ohio St.3d 1445, 756 N.E.2d 111.
[11] See Calhoun, supra at 284, 714 N.E.2d at 911.
[12] See Calhoun, supra, paragraph one of the syllabus.
[13] See State v. Jackson (1980), 64 Ohio St.2d 107, 413 N.E.2d 819, syllabus.
[14] See Cole, supra at 114, 443 N.E.2d at 171.
[15] R.C. 2953.21(D) allows for the state to respond to a petition by motion.
[16] See Jones v. State (1966), 8 Ohio St.2d 21, 22, 222 N.E.2d 313,314.
[17] See Calhoun, supra, paragraph three of the syllabus.