OPINION *Page 2 
{¶ 1} Relator, Lawrence Baldwin, has filed a Petition for Writ of Mandamus requesting this Court order the trial court to issue Findings of Fact and Conclusions of Law related to Relator's Motion for Post-Conviction Relief filed with the trial court. Respondent has filed a Motion to Dismiss suggesting the entry issued by the trial court sufficiently advises Relator of the grounds for the denial of his post-conviction relief motion.
 {¶ 2} To be entitled to the issuance of a writ of mandamus, relator must demonstrate: (1) a clear legal right to the relief prayed for; (2) a clear legal duty on the respondent's part to perform the act; and, (3) that there exists no plain and adequate remedy in the ordinary course of law. State ex rel. Master v. Cleveland (1996), 75 Ohio St.3d 23, 26-27,661 N.E.2d 180; State ex rel. Harris v. Rhodes (1978), 5 Ohio St.2d 41,324 N.E.2d 641, citing State ex rel. National City Bank v. Bd. ofEducation (1977) 520 Ohio St.2d 81, 369 N.E.2d 1200.
 {¶ 3} We find Relator has a clear legal right to the requested relief, and the Respondent has a clear legal duty to provide Relator with Findings of Fact and Conclusions of Law as mandated by R.C. 2953.21(C).
 {¶ 4} R.C. 2953.21(C) provides in part,
 {¶ 5} (C) The court shall consider a petition that is timely filed under division (A)(2) of this section even if a direct appeal of the judgment is pending . . . If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal. *Page 3 
 {¶ 6} The trial court's entry of November 7, 2007 denying the motion for post-conviction relief states, "On June 14, 2007, the Defendant filed a Request for Post-Conviction Relief. On October 29, 2007, the Defendant's conviction was affirmed by the Fifth District Court of Appeals. The Defendant's Request for Post-Conviction Relief is Denied."
 {¶ 7} This entry fails to sufficiently advise Relator of the reasons for the denial of his post-conviction relief petition.
 {¶ 8} "A trial court need not discuss every issue raised by appellant or engage in an elaborate and lengthy discussion in its findings of fact and conclusions of law. The findings need only be sufficiently comprehensive and pertinent to the issue to form a basis upon which the evidence supports the conclusion." State v. Clemmons (1989),58 Ohio App.3d 45, 46, 568 N.E.2d 705, 706-707, citing 5A Moore, Federal Practice (2 Ed.1990) 52-142, Section 52.06[1]. State v. Calhoun (1999),86 Ohio St.3d 279.
 {¶ 9} The Supreme Court approved the trial court's entry in State exrel. Carrion v. Harris (1988), 40 Ohio St.3d 19 where the trial court ruled,
 {¶ 10} "Request for hearing denied. Petition for post-conviction relief denied on the basis of res judicata; see State v. Wilcox (1984), 16 Ohio App.3d 273. All of the issues in Defendant's petition were or could have been raised in Defendant's direct appeal wherein the Court of Appeals found that the Defendant understood the consequences of his plea."
 {¶ 11} It is necessary for trial courts to issue Findings of Fact and Conclusions of Law to apprise the petitioner as to the grounds for a denial and to assist appellate courts in properly determining appeals.Jones v. State (1966), 8 Ohio St.2d 21. We find the trial court's entry in the instant case did not provided sufficient Findings of Fact *Page 4 
and Conclusions of Law to apprise Relator of the basis for the denial of his post-conviction relief motion.
 {¶ 12} Having determined a clear legal duty exists on the part of the trial court and a corresponding right on the part of Relator, we must consider whether an adequate remedy at law exists.
 {¶ 13} Relator filed a timely Notice of Appeal from the trial court's November 7, 2007 entry which is now pending in Case Number 2007CA00355. In Case Number 2007CA00355, Relator is appealing an order denying a post-conviction relief petition which does not contain Findings of Fact and Conclusions of Law.
 {¶ 14} Ohio law provides that appellate courts have jurisdiction to review only final orders or judgments. See, generally, Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505 .02. If an order is not final and appealable, an appellate court has no jurisdiction to review the matter and it must be dismissed. Mennonite Mut. Ins. Co. v. HoytPlumbing, Inc., 2008 WL 62287, *2 (Ohio App. 5 Dist.).
 {¶ 15} Without Findings of Fact and Conclusions of Law, an entry denying a post-conviction relief petition is not a final appealable order. State v. Thomas, 2005-Ohio-4830 (Ohio App. 8 Dist.). Because Relator does not have a final appealable order, any appeal from such an order must be dismissed for lack of jurisdiction. Id. at *3.
 {¶ 16} Without a final appealable order, Relator has no adequate remedy at law; therefore, Relator has demonstrated the elements necessary for the issuance of the writ. The trial court should issue Findings of Fact and Conclusions of Law consistent with the parameters set forth in this Opinion from which Relator may appeal. *Page 5 
 {¶ 17} WRIT GRANTED.
 By: Gwin. J. Hoffman, P. J. and Farmer, J. concur *Page 6 
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, Relator's Writ of Mandamus is hereby granted. Costs taxed to Respondent *Page 1