OPINION
{¶ 1} This matter is on appeal from the denial of appellant's petition for post conviction relief and request for findings of fact and conclusions of law.
 STATEMENT OF LAW AND CASE {¶ 2} On November 13, 2006, appellant, Jeremy Riley was indicted by the Stark County Grand jury for having committed one count of aggravated vehicular homicide in violation of R.C. 2903.06(A)(2), a third degree felony, and three counts of vehicular assault in violation of R.C. 2903.08(A)(2), each a fourth degree felony.
 {¶ 3} On December 21, 2006, the appellant pleaded guilty as charged in the indictment and was sentenced as follows: five years for the aggravated vehicular homicide and eighteen months for each of the three vehicular assault charges. The court ordered two of the three sentences for vehicular assault to run consecutively for a period of three years. The trial court also ordered that the three year sentence was to run consecutively to the five year sentence for aggravated vehicular homicide for an aggregate eight year sentence.
 {¶ 4} On June 4, 2007, appellant filed a delayed appeal of his conviction and sentence. On June 14, 2007, this Court denied appellant's delayed appeal.
 {¶ 5} On July 23, 2007, appellant filed a motion for post conviction relief in the trial court pursuant to R.C. 2953.21, titled, "Petition to Vacate or Set Aside Sentence (Evidentiary Hearing Requested)." In his petition, Riley asserted a number of arguments in support of his basic post-conviction relief claim that he was denied effective assistance of counsel. *Page 3 
 {¶ 6} On July 31, 2007, by judgment entry, the trial court summarily denied appellant's "Petition to Vacate or Set Aside Sentence (Evidentiary Hearing Requested)" (i.e. motion for post conviction relief) finding that the petition was not well taken.
 {¶ 7} On August 8, 2007, appellant filed a motion for findings of fact and conclusions of law.
 {¶ 8} On August 31, 2007, the trial court summarily denied appellant's request for findings of fact and conclusions of law finding the motion not well taken. It is from this judgment that appellant now seeks to appeal setting forth the following assignments of error:
 {¶ 9} "I. THE TRIAL COURT ERRED AND ABUSED IT'S [SIC] DISCRETION BY FAILING TO ISSUE FINDINGS OF FACT AND CONCLUSIONS OF LAW MANDATED BY OHIO REVISED CODE 2953.21, SECTIONS (A)(2), (G), AND CIV.R. 52 AND CRIM.R. 35(c) [SIC], THEREBY VIOLATING THE DEFENDANT-APPELLANT'S DUE PROCESS RIGHTS UNDER U.S. CONSTITUTION AND OHIO CONSTITUTION ART. I, SECTIONS 10 AND 16.
 {¶ 10} "II. THE TRIAL COURT ERRED AND ABUSED IT'S [SIC] DISCRETION WHEN IT OVERRULED THE DEFENDANT/APPELLANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT EXAMINING THE APPELLANT'S ASSIGNMENTS OF ERROR, WITHOUT GRANTING THE PETITION, OR WITHOUT GRANTING THE APPELLANT AN EVIDENTIARY HEARING TO EXPLORE THE APPELLANT'S ASSIGNMENTS OF ERROR, DEVELOPE [SIC] SAME ASSIGNMENTS OF ERROR FULLY. THESE ACTIONS BY THE TRIAL COURT DENIED THE APPELLANT HIS U.S. CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL, DUE *Page 4 
PROCESS AND A FAIR TRIAL UNDER THE FIFTH, SIXTH ANDFOURTEENTH AMENDMENTS, AND UNDER OHIO'S CONSTITUTION ARTICLE I, SECTIONS 10 AND 16."
 I {¶ 11} In the first assignment of error appellant argues that the trial court erred in failing to issue findings of fact and conclusions of law. We agree.
 {¶ 12} Under the provisions of R.C. 2953.21(C) and 2953.21(G), it is the mandatory duty of the trial court to make findings of fact and conclusions of law if a petitioner raises an issue properly cognizable under the Post Conviction Remedy Act, the resolution of which requires the determination of facts. State v. Jones (1966), 8 Ohio St. 2d 21, 22,222 N.E.2d 313; See also, State ex rel. Baldwin v. Reinbold, Stark App. No. 2007CA00341, 2008-Ohio-837; State v. Saylor (1998),125 Ohio App.3d 636, 638, 709 N.E.2d 231; State v. Lester (1975), 41 Ohio St.2d 51,322 N.E.2d 656, paragraph two of the syllabus (findings of fact and conclusions of law are mandatory under R.C. 2953.21 if the trial court dismisses the petition); and State v. Mapson (1982), 1 Ohio St.3d 217,218, 438 N.E.2d 910, ("R.C. 2953.21 mandates that a judgment denying post-conviction relief include findings of fact and conclusions of law").
 {¶ 13} "Such findings are necessary to apprise the petitioner of the grounds for the judgment of the trial court and to enable the appellate courts to properly determine appeals in such a cause." State v.Jones (1966), 8 Ohio St. 2d at 22, 222 N.E.2d 313.
 {¶ 14} "A trial court need not discuss every issue raised by appellant or engage in an elaborate and lengthy discussion in its findings of fact and conclusions of law. The findings need only be sufficiently comprehensive and pertinent to the issue to form a *Page 5 
basis upon which the evidence supports the conclusion." State v.Clemmons (1989), 58 Ohio App.3d 45, 46, 568 N.E.2d 705, 706-707, citing 5A Moore, Federal Practice (2 Ed. 1990) 52-142, Section 52.06[1].State v. Calhoun (1999), 86 Ohio St.3d 279, 704 N.E.2d 905.
 {¶ 15} There are occasions when it is not necessary for a trial court to make findings of fact and conclusions of law when it dismisses a petition for post conviction relief. For example, a trial court need not issue findings of fact and conclusions of law when it dismisses a petition for post conviction relief as untimely. See State ex rel.Kimbrough v. Greene, 98 Ohio St.3d 116, 117, 2002-Ohio-7042,781 N.E.2d 155; See also, State ex rel. Reynolds v. Basinger, 99 Ohio St. 3d 303,2003-Ohio-3631, 791 N.E.2d 459.
 {¶ 16} In this case, the State concedes that appellant filed a timely petition for post conviction relief. In addition the State has admitted that appellant's ineffective assistance of counsel claims, regardless of their merit, cannot be dismissed summarily as being "absurd, feckless or otherwise utterly without merit on their face."
 {¶ 17} For these reasons we find that the trial court erred as a matter of law in failing to issue findings of fact and conclusions of law in compliance with R.C. 2953.21(C) and (G).
 {¶ 18} Accordingly, appellant's first assignment of error is sustained. The matter shall be remanded to the trial court for it to make findings of fact and conclusions of law, pursuant to 2953.21(C) and/or (G), in support of its dismissal of appellant's petition for post conviction relief. *Page 6 
 II {¶ 19} Having sustained appellant's first assignment of error we decline to rule on appellant's remaining assignment of error at this time because it is premature.
 {¶ 20} The judgment of the Stark County Court of Common Pleas is hereby reversed and the matter is remanded for further proceeding consistent with this opinion and in accordance with law.
 Edwards, J. Gwin, P.J. and Wise, J. concur *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is reversed and remanded. Costs assessed to appellee. *Page 1