[Cite as *State v. Dahlberg*, 2023-Ohio-987.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

STATE OF OHIO,

       Plaintiff-Appellee,

- vs -

PATRICK R. DAHLBERG,

       Defendant-Appellant.

**CASE NO. 2022-A-0063**

Civil Appeal from the
Court of Common Pleas

Trial Court No. 2019 CR 00610

---

# O P I N I O N

Decided: March 27, 2023
Judgment: Affirmed

---

*Colleen M. O'Toole*, Ashtabula County Prosecutor, and *Christopher R. Fortunato*, Assistant Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Mary Catherine Corrigan*, 6555A Wilson Mills Boulevard, Suite 102, Mayfield Village, OH 44143 (For Defendant-Appellant).

JOHN J. EKLUND, P.J.

{¶1} Appellant, Patrick Dahlberg, appeals the denial of his petition for postconviction relief pursuant to R.C. 2953.21 from the Ashtabula County Court of Common Pleas.

{¶2} Appellant has raised two assignments of error arguing that the trial court erred by dismissing his petition without holding a hearing and that the trial court's judgment entry did not contain statutorily required findings of fact and conclusions of law.

{¶3}    Having reviewed the record and the applicable caselaw, we find that the trial court's judgment entry did contain findings of fact and conclusions of law and that the trial court did not err in dismissing the petition without a hearing because appellant did not demonstrate substantive grounds for relief that trial counsel's representation fell below an objectively reasonable standard of representation or that he was prejudiced thereby.

{¶4}    Therefore, we affirm the judgment of the Ashtabula County Court of Common Pleas.

### Substantive and Procedural History

{¶5}    Following a traffic stop, appellant was issued citations for failure to wear a seatbelt, possession of marihuana, and possession of marihuana paraphernalia in the Western Area County Court in case number 2018 CR 384. Appellant pled guilty to the charges at arraignment. The court sentenced appellant to a fine of $30 and costs for the seatbelt conviction and a $50 fine on the marihuana convictions plus court costs.

{¶6}    After the court accepted his guilty plea and imposed sentence, the court asked if appellant had any questions. The court and appellant engaged in the following exchange:

THE DEFENDANT: Um, well, I'm sure you heard about the firearm the police took from me.

THE COURT: There's a firearm charge?

THE DEFENDANT: I thought there was, yeah.

THE COURT: Not in front of me today.

THE DEFENDANT: No?

THE COURT: Are you telling me when this stop occurred, you had a firearm in the vehicle?

2

Case No. 2022-A-0063

THE DEFENDANT: Yes.

THE COURT: And did they seize the firearm?

THE DEFENDANT: Yes.

THE COURT: Do you have a permit to carry a firearm?

THE DEFENDANT: No.

THE COURT: Well, there may well be another charge coming I'm not certain, but it's not in front of -- let me double check, but it's not in front of me today. But they can still charge you.
This was the Highway Patrol?

THE DEFENDANT: Yes.

THE COURT: It's not here today, sir, and that's all I -- they could file it at a later time.

THE DEFENDANT: Okay.

THE COURT: You understand that?

THE DEFENDANT: Okay.

{¶7} After these proceedings, appellant was indicted on one count of Improperly Handling a Firearm in a Motor Vehicle, a fourth-degree felony, in violation of R.C. 2923.16(B)(I) and Carrying Concealed Weapons, a fourth-degree felony, in violation of R.C. 2923.12(A)(2) and (F)(1). Appellant was also charged with one misdemeanor and one felony count of Improperly Handling a Firearm in a Motor Vehicle in county court, but those charges were dismissed in September 2018 for failure to prosecute due to failure of service on appellant.

{¶8} Appellant was found guilty on the felony counts after a jury trial before the Ashtabula County Court of Common Pleas. The trial court merged the counts for sentencing purposes and imposed a five-year term of community control. Appellant timely

3

appealed to this Court where we affirmed his conviction in *State v. Dahlberg*, 11th Dist. Ashtabula Case No. 2020-A-0030, 2021-Ohio-550 (*Dahlberg I*).

{¶9} In *Dahlberg I*, appellant, pro se, raised six assignments of error and, relevant here, argued that the trial court lacked jurisdiction, that he was subjected to double jeopardy, and that he received ineffective assistance of counsel. We concluded that the trial court did not lack jurisdiction and said that courts of common pleas do not have jurisdiction to hear cases of minor offenses. *Id.* at ¶ 42, citing R.C. 2931.03. Therefore, the Court of Common Pleas had jurisdiction over appellant's felony counts "which cannot be considered 'minor offenses.'" *Id.* at ¶ 44.

{¶10} We further held that appellant was not subjected to double jeopardy. In that assignment of error, appellant argued that the trial court erred by referencing the marihuana charges and was sanctioned for the marihuana charges during his felony sentencing. We said that "[a] community control condition that prohibits and treats drug use is not sanctioning Mr. Dahlberg for a separate crime in a separate case, and it does not equate to double jeopardy." *Id.* at ¶ 84.

{¶11} We also addressed appellant's ineffective assistance of counsel claim and concluded that the underlying grounds for it were without merit. *Id.* at ¶ 89.

{¶12} In September 2021, appellant, pro se, timely filed a petition for postconviction relief pursuant to R.C. 2953.21 where he raised two claims for relief.

{¶13} In March 2022, appellant, through counsel, filed an amended petition for postconviction relief in his felony case. In the amended petition, he merged his two claims into a single amended claim: "The Petitioner was denied the effective assistance of counsel, pursuant to the Sixth Amendment of the United States Constitution and Section

4

Case No. 2022-A-0063

10, Article 1 of the Ohio Constitution when his trial counsel failed to argue that the prosecution of the Petitioner's case was in violation of his Fifth Amendment protection against double jeopardy."

{¶14} Appellant's amended petition contained an affidavit from appellant and the transcript of his combined misdemeanor arraignment and guilty plea in the Western Area County Court.

{¶15} In July 2022, the trial court issued a judgment entry denying appellant's petition. The court noted that the doctrine of res judicata bars the consideration of constitutional issues "where they have already been or could have already been litigated by the convicted defendant, while represented by counsel, either before conviction or on direct appeal. *State v. Lott*, 97 Ohio St.3d 303, 2002-Ohio-6625, 779 N.E.2d 1011, ¶ 19."

{¶16} The court said that appellant's argument of ineffective assistance of counsel had been raised on direct appeal and found to be without merit. The court further found that "[a]lthough Defendant did not raise this current theory of ineffective assistance of counsel on appeal, the issue could have already been litigated on direct appeal, Therefore, it is barred by res judicata."

{¶17} The court further said, "[e]ven if the issue was not barred by res judicata, it would still be without merit. Defendant raised the issue of double jeopardy on appeal, and the Eleventh District, again, found the argument to be without merit. * * * Since Defendant's double jeopardy argument is meritless, Defendant's counsel could not have been ineffective for failing to raise it." Finally, the court concluded that "all of the issues addressed above were known to Defendant and his attorneys at the time of trial and on appeal."

{¶18} Appellant timely appealed the denial of his petition and raises two assignments of error.

**Assignments of Error and Analysis**

{¶19} Appellant's assignments of error state:

{¶20} "[1.] THE TRIAL COURT ERRED BY FAILING TO HOLD A HEARING ON THE APPELLANT'S PETITION FOR POST-CONVICTION RELIEF."

{¶21} "[2.] THE TRIAL COURT ERRED BY FAILING TO ISSUE FINDINGS OF FACTS AND CONCLUSIONS OF LAW AND THE JOURNAL ENTRY DATED JULY 20, 2022 IS INSUFFICIENT TO SATISFY THE REQUIREMENTS OF FINDINGS OF FACTS AND CONCLUSIONS OF LAW."

{¶22} R.C. 2953.21, Ohio's postconviction relief statute, provides in pertinent part:

(A)(1)(a) Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. * * *

(A)(1)(b) The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief. * * *

(D) * * * Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner[.] * * * If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal. * * *

(F) Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues even if a direct appeal of the case is pending. * * *

6

(H) If the court does not find grounds for granting relief, it shall make and file findings of fact and conclusions of law and shall enter judgment denying relief on the petition. * * *

{¶23} "A petitioner bears the burden to show via affidavits, the record, and other supporting materials that sufficient operative facts exist which, if true, would establish substantive grounds for postconviction relief." *State v. Hull*, 11th Dist. Lake No. 2019-L-126, 2020-Ohio-2895, ¶ 11; R.C. 2953.21(D). A petitioner seeking to challenge a conviction through a petition for postconviction relief is not entitled to a hearing. *State v. Calhoun*, 86 Ohio St.3d 279, 282, 714 N.E.2d 905 (1999), citing *State v. Cole*, 2 Ohio St.3d 112, 443 N.E.2d 169 (1982). A trial court may deny a petition for postconviction relief without an evidentiary hearing "where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." *Id.* at 291.

{¶24} Where a petitioner raises the issue of ineffective assistance of counsel "'the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness.'" *State v. Miller*, 11th Dist. Geauga No. 2019-G-0226, 2020-Ohio-871, ¶ 9, quoting *State v. Jackson, 64* Ohio St.2d 107, 413 N.E.2d 819 (1980), syllabus.

{¶25} If the court dismisses a petition for postconviction relief, R.C. 2953.21(C) mandates that it must issue findings of fact and conclusions of law. *Calhoun, supra,* at 291. Findings are required "'to apprise petitioner of the grounds for the judgment of the trial court and to enable the appellate court to properly determine appeals in such a cause.'" *Id.*, quoting *Jones v. State*, 8 Ohio St.2d 21, 22, 222 N.E.2d 313 (1966).

7

{¶26} However, the trial court need not discuss every issue raised or "engage in an elaborate and lengthy discussion in its findings of fact and conclusions of law." *Id.* A trial court "issues proper findings of fact and conclusions of law where such findings are comprehensive and pertinent to the issues presented, where the findings demonstrate the basis for the decision by the trial court and where the findings are supported by the evidence." *Id.* at 292. In *Calhoun*, the court concluded that the findings of fact and conclusions of law in a three-page opinion outlining the procedural history of the case, setting forth the appropriate legal standard, and addressing the defendant's claims "were adequate in conveying to the court of appeals the basis for its decision." *Id.*

{¶27} A petitioner is barred by res judicata from raising an issue in a petition for postconviction relief if the petitioner was represented by counsel and the issue was raised or could have been raised at trial or on direct appeal. *State v. Jackson*, 11th Dist. Lake No. 2019-L-042, 2019-Ohio-4735, ¶ 15, quoting *State v. Adams,* 11th Dist. Trumbull No. 2003-T-0064, 2005-Ohio-348, ¶ 38, citing *State v. Szefcyk*, 77 Ohio St.3d 93, 671 N.E.2d 233 (1996), syllabus. To overcome res judicata, a petitioner "must adduce evidence outside the record that demonstrates" the petitioner "could not have appealed the constitutional claims based upon information already in the record." *State v. Gatchel,* 11th Dist. Lake No. 2007-L-036, 2008-Ohio-1029, ¶ 35.

{¶28} We review a trial court's denial of a postconviction petition for an abuse of discretion. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio 6679, 860 N.E.2d 77, ¶ 49. The trial court serves a gatekeeping function in the postconviction relief process and is "entitled to deference, including the court's decision regarding the sufficiency of the facts set forth by the petitioner and the credibility of the affidavits submitted." *Id.* at ¶ 52.

8

{¶29} "'The term "abuse of discretion" is one of art, connoting judgment exercised by a court which neither comports with reason, nor the record.' *State v. Underwood*, 11th Dist. Lake No. 2008-L-113, 2009-Ohio-208, ¶ 30, citing *State v. Ferranto*, 112 Ohio St. 667, 676-678, [148 N.E. 362] (1925)." *State v. Raia*, 11th Dist. Portage No. 2013-P-0020, 2014-Ohio-2707, ¶ 9. Stated differently, an abuse of discretion is "the trial court's 'failure to exercise sound, reasonable, and legal decision-making.'" *Id.*, quoting *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶ 62, quoting Black's Law Dictionary 11 (8th Ed.Rev.2004). "When an appellate court is reviewing a pure issue of law, 'the mere fact that the reviewing court would decide the issue differently is enough to find error[.] * * * By contrast, where the issue on review has been confined to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error.'" *Id.*, quoting *Beechler* at ¶ 67.

{¶30} In this case, appellant's argument that the trial court failed to issue findings of fact and conclusions of law is without merit. Although the trial court's judgment entry did not explicitly state the words "findings of fact and conclusions of law," the entry itself was sufficient to apprise appellant of the grounds for the judgment and enables this court to properly determine the appeal.

{¶31} The judgment entry was two pages long, set forth the appropriate legal standard for reviewing petitions under R.C. 2953.21, and included a summary of the argument in appellant's postconviction petition. The court explained its reasoning for denying the petition and provided alternative bases for the denial including appellant's failure to raise this specific theory on direct appeal, and that the substantive argument was meritless based on this Court's ruling on the double jeopardy issue in appellant's

9

direct appeal. Thus, we conclude that the findings and conclusions contained in the judgment entry adequately demonstrate the basis for the court's decision.

{¶32} Next, we address appellant's argument that the trial court abused its discretion by failing to hold a hearing on his petition for postconviction relief. A petitioner is only entitled to a hearing under R.C. 2953.21 if the petition and supporting materials and documentary evidence demonstrate sufficient operative facts to establish substantive grounds for relief. *Calhoun*, 86 Ohio St.3d 279, 292, 714 N.E.2d 905.

{¶33} Here, the trial court cited *State v. Lott,* 97 Ohio St.3d 303, for the proposition that res judicata bars the consideration of issues which could have been raised by the defendant "while represented by counsel, either before conviction or on direct appeal." The trial court said that appellant had raised the issue of ineffective assistance of counsel and double jeopardy on direct appeal. Therefore, the trial court concluded res judicata barred him from raising the issue in his petition.

{¶34} However, appellant represented himself pro se during his direct appeal. He did not make his arguments about ineffective assistance of counsel or double jeopardy with the benefit of counsel on direct appeal. Thus, pursuant to *Lott*, res judicata would not bar him from raising this issue in his petition for postconviction relief.

{¶35} The trial court also concluded that appellant's petition was without merit notwithstanding res judicata because this Court found his double jeopardy argument to be without merit. However, the double jeopardy argument that we addressed in appellant's direct appeal related to whether the imposition of a drug related community control sanction for a firearm conviction constituted double jeopardy. Appellant's claim for relief in his postconviction petition is distinct from the claims made in appellant's direct

10

appeal insofar as it argues that it was the prosecution of appellant's felony conviction that subjected him to double jeopardy rather than the sentence he received. *See, e.g., State v. Musick*, 119 Ohio App.3d 361, 371-372, 695 N.E.2d 317 (11th Dist.1997). The trial court's judgment entry did not acknowledge this distinction and dismissed the petition on the basis that this Court concluded appellant had not been subjected to multiple punishments.

**{¶36}** Despite these errors of fact and law, we nevertheless conclude that the trial court did not err when it denied appellant's petition without a hearing. Having reviewed the petition and supporting materials and documentary evidence, appellant has failed to demonstrate sufficient operative facts to establish substantive grounds for relief.

**{¶37}** Appellant's amended claim asserted that he was denied effective assistance of counsel because trial counsel failed to argue that the prosecution of his felony case after his guilty plea to the seat belt and marihuana charges violated double jeopardy. In *Dahlberg I*, we noted that a court of common pleas does not have jurisdiction to hear cases of minor offenses. *Dahlberg I* at ¶ 42, citing R.C. 2931.03. Because of this, appellant's minor misdemeanor charges and felony charges could not jurisdictionally be tried together.

**{¶38}** However, this alone does not resolve the issue of double jeopardy, as a trial for a minor misdemeanor offense may preclude further prosecution for related charges in the court of common pleas. *See Waller v. Florida*, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970). Thus, the question to resolve is whether jeopardy attached to the felony gun possession counts as a result of appellant's plea of guilty to the minor misdemeanor drug and seatbelt offenses.

11

{¶39} "The Double Jeopardy Clause contained in the Fifth Amendment to the United States Constitution, as applied to the states by the Fourteenth Amendment, and Section 10, Article I of the Ohio Constitution, prevent an individual from being prosecuted twice for the same offense." *State v. Delfino*, 22 Ohio St.3d 270, 272-273, 490 N.E.2d 884 (1986). To determine whether a single act or transaction constitutes separate offenses for double jeopardy purposes, the "test to be applied * * * is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

{¶40} The *Blockburger* test applied here reveals that appellant's felony possession of firearms convictions required proof of facts which are not required for a conviction for the marihuana possession offenses and seat belt offenses. The minor misdemeanor charges that appellant pled guilty to in the Western Area County Court are separate offenses from his felony firearm convictions.

{¶41} Because the misdemeanor offenses and the felony weapon offenses were separate offenses, appellant's petition for postconviction relief alleging that trial counsel was ineffective for failing to object on double jeopardy grounds is without merit. Appellant did not demonstrate substantive grounds for relief or that trial counsel's representation fell below an objectively reasonable standard of representation or that he was prejudiced thereby. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, (1984).

{¶42} Accordingly, appellant's assignments of error are without merit.

{¶43} For the foregoing reasons, the judgment of the Ashtabula County Court of Common Pleas is affirmed.


MARY JANE TRAPP, J.,

MATT LYNCH, J.,

concur.