[Cite as *State v. Sanders*, 2024-Ohio-2894.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| EIAN A. SANDERS, | : | Case No. CT2024-0024 |
| | : | CT2024-0025 |
| Defendant - Appellant | : | CT2024-0026 |
| | : | |
| | : | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Muskingum County Court of Common Pleas, Case Nos. Cr2022 346, CR2022-00159, CR2022-0132 |
| JUDGMENT: | Dismissed and Remanded |
| DATE OF JUDGMENT: | July 30, 2024 |

APPEARANCES:

| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| JOSEPH A. PALMER<br>27 North Fifth St.<br>Zanesville, Ohio 43702 | EIAN A. SANDERS, Pro Se<br>#805-703<br>15708 McConnelsville Road<br>Caldwell, Ohio 43724 |

*Baldwin, J.*

{¶1}    The appellant, Eian A. Sanders, appeals the January 9, 2024, judgment entry of the Muskingum County Court of Common Pleas denying his petition for post-conviction relief for three cases: CR2022-0132 ("132"), CR2022-0159 ("159"), and CR2022-0346 ("346"). Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

### STATEMENT OF THE FACTS AND THE CASE

{¶2}    On March 31, 2022, the appellant was indicted in case 132 on one count of Trafficking in Drugs in violation of R.C. §2925.03(A)(2), one count of Possession of Drugs in violation of R.C. §2925.11(A), and one count of Possession of Drug Paraphernalia in violation of R.C. §2925.14(C)(1).

{¶3}    On April 11, 2022, the appellant was indicted in case 159 on one count of Possession of Drugs in violation of R.C. §2925.11(A), one count of Possession of Drug Paraphernalia in violation of R.C. §2925.14(C)(1), and one count of Tampering with Evidence in violation of R.C. §2921.12(A)(1).

{¶4}    On July 25, 2022, the appellee filed a Bill of Information in case 346 on two counts of Possession of Drugs in violation of R.C. §2925.11(A), one count of Possession of Drug Paraphernalia in violation of R.C. §2925.14(C)(1), one count of Driving Under Suspension in violation of R.C. §4510.16(A), and one count of Improperly Handling of a Firearm in a Motor Vehicle in violation of R.C. §2923.16(B).

{¶5}    On July 25, 2022, the appellee moved to dismiss one count of Possession of Drugs in violation of R.C. §2925.11(A) and one count of Possession of Drug Paraphernalia in violation of R.C. §2925.14(C)(1) from the indictment on case 132. The

appellee also moved to dismiss one count of Possession of Drug Paraphernalia in violation of R.C. §2925.14(C)(1) and one count of Tampering with Evidence in violation of R.C. §2921.12(A)(1).

{¶6}   The appellant entered a plea of guilty to one count of Trafficking in Drugs in violation of R.C. §2925.03(A)(2) on case 132, one count of Possession of Drugs in violation of R.C. §2925.11(A) on case 159, and to the bill of information on case 346. The trial court sentenced the appellant to five to seven and one-half years for case 132, twelve months for case 159, and twenty-four months for case 346.

{¶7}   On June 23, 2023, the appellant filed a Motion to Correct Sentencing.

{¶8}   On July 21, 2023, the appellant filed a Motion for Postconviction Relief.

{¶9}   On July 26, 2023, the trial court denied both motions.

{¶10}  On August 25, 2023, the appellant filed a Notice of Appeal.

{¶11}  On November 16, 2023, the appellee filed a Motion to Dismiss the appellant's appeal since no findings of facts and conclusions of law were part of the judgment entry denying the appellant's Motion for Postconviction Relief.

{¶12}  On December 14, 2023, this Court granted the appellee's Motion to Dismiss.

{¶13}  On January 9, 2024, the appellant filed a Motion for Findings of Facts and Conclusions of Law.

{¶14}  On February 9, 2024, the trial court denied that Motion, stating that the trial court "made sufficient findings on the record and in its entry to support the imposition of consecutive sentences.

**{¶15}** On March 1, 2024, the appellant filed a second Notice of Appeal and herein raises the following two Assignments of Error:

**{¶16}** "I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED SANDERS TIMELY FILED POST-CONVICTION RELIEF PETITION WITHOUT MAKING THE REQUISITE FINDINGS OF FACT AND CONCLUSIONS OF LAW IN REGARDS TO SAID PETITION, AS REQUIRED BY R.C. §2953.21(D); IGNORING THAT THE SENTENCE GIVEN TO SANDERS IS IMPROPER BECAUSE THE RECORD DOES NOT SUPPORT THE IMPOSITION OF CONSECUTIVE SENTENCES, AS PER R.C. §2929.14(C)(4)."

**{¶17}** "II.THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED SANDERS TIMELY FILED POST-CONVICTION RELIEF PETITION WITHOUT MAKING THE REQUISITE FINDINGS OF FACT AND CONCLUSIONS OF LAW IN REGARDS TO SAID PETITION, AS REQUIRED BY R.C. §2953.21(D); IGNORING AMBIGUITY AS TO WHETHER SANDERS HAS A MEANING OPPORTUNITY FOR TRANSITIONAL CONTROL OR JUDICIAL RELEASE."

**{¶18}** For the purposes of judicial economy, we shall address the appellant's assignments of error out of order.

**II.**

**{¶19}** In the second Assignment of Error, the appellant argues that the trial court erred when it denied the post-conviction relief petition without making the requisite findings of fact and conclusions of law. We agree.

**ANALYSIS**

**{¶20}** Petitions for post-conviction relief are governed by R.C. §2953.21. Pursuant to the statute, if a trial court dismisses a petition for post-conviction relief without a hearing, it has to provide findings of fact and conclusions of law as to why the petition was dismissed. *See State v. Lester*, 41 Ohio St.2d 51 (1975), paragraph two of the syllabus.

**{¶21}** The purpose of requiring the trial court to include findings of fact and conclusions of law in its judgment entry is to sufficiently apprise both the petitioner and the potential appellate court of the grounds for its decision. *State v. Foster*, 1997 WL 626586 (9th Dist. Sept. 24, 1997), *citing State ex. rel. Carrion v. Harris*, 40 Ohio St.3d 19 (1988). In *State v. Mapson*, 1 Ohio St.3d 217 (1982), the Supreme Court of Ohio stated:

> The obvious reasons for requiring finds are * * * to apprise petitioner of the grounds for the judgment of the trial court and to enable the appellate courts to properly determine appeals in such a cause." *Jones v. State*, 8 Ohio St.2d 21 (1996). The existence of findings and conclusions are essential in order to prosecute an appeal. Without them, a petitioner knows no more than he lost and hence is effectively precluded from making a reasoned appeal. In addition, the failure of a trial judge to make the requisite findings prevents any meaningful judicial review, for it is the findings and the conclusions which an appellate court reviews for error.

**{¶22}** In the case *sub judice*, we find that the trial court's decision denying the appellant's Petition for Post-Conviction Relief does not satisfy the policy considerations announced in *Mapson*. The trial court's judgment entry states: "The Court made sufficient

findings on the record and in its entry to support the imposition of consecutive sentences." The trial court was attempting to subsume findings made on the record as its findings of facts and conclusions of law. However, no transcript was provided to this Court with the record. Upon review of the record, the trial court denied the appellant's motions to have a transcript prepared. Thus, this Court is still prevented from any meaningful judicial review of the trial court's decision.

**{¶23}** We find the judgment is insufficient to fulfill the requirement of R.C. §2953.21(H). A judgment entry dismissing a post-conviction petition without findings of facts and conclusions of law is not a final, appealable order. *State v. Poulton*, 2016-Ohio-901 (5th Dist.), ¶17.

**{¶24}** The appellant's second Assignment of Error is sustained.

**I.**

**{¶25}** Due to our disposition in the appellant's second assignment of error, the first Assignment of Error is rendered moot.

## CONCLUSION

{¶26} For the foregoing reasons, the appeal is dismissed and the case is remanded to allow the trial court to enter findings of fact and conclusions of law within sixty days of this opinion and then rule upon any timely objections filed thereafter.

By: Baldwin, J.

Gwin, P.J. and

Wise, John, J. concur.